## LITTLE et al. v. KNOX, Adm'r.

1. If administrators execute a joint bond, they are liable for the acts of each other, and both are bound to protect the joint securities from the consequences of the acts of either.

2. An execution, issued on a judgment of the orphans' court, against an administrator, which is not made returnable to a regular term of the county court, is void, and a return of "no property" on such an execution, will not authorize the issuance of an execution on the administration bond against said administrator and his securities.

Error to the County Court of Sumter. Before the Hon. Preston G. Nash.

IT appears by a bill of exceptions in this case, that the plaintiffs in error sued out a *supersedeas* against the defendant, in which they allege, that on the 27th day of April, 1840, Eleanor Knox and Hiram Steele were appointed administratrix and administrator on the estate of John C. Knox, dec'd, and gave bond with said plaintiffs as their securities, conditioned as the law requires : that the said Eleanor and Hiram thereupon undertook the administration of said estate, and returned an inventory, appraisement, &c. : that said Eleanor intermarried with one Heard, and that after said marriage the said Hiram, Eleanor and Heard acted as administrators : that in September, 1847, a final settlement was had of said estate, in the orphans' court of Sumter, when a judgment for $3322 45 was rendered against said Steele alone, in favor of the defendant in error, who was administrator of one of the deceased distributees of said estate : that execution issued on said judgment on the 8th October, 1847, and was returned by the sheriff on the .. day of November, 1847, "no property :" and that on the .. day of November, 1847, an execution issued on the said administration bond, against Steele and plaintiffs in error, as the securities therein. At the June term, 1848 of said county court, the plaintiffs in error moved to quash the last mentioned execution, which the court refused to do, and gave judgment thereon against the said plaintiffs and their securities on their *supersedeas* bond. This action of the court is now assigned as error.

METCALFE, for plaintiff in error.

The execution which issued on the decree against Steele, was returnable not to a regular term of the county court, and was therefore void. A return of no property on a void execution, or an execution upon which property could not be taken, is insufficient to fix the liability of the sureties on the administration bond. Graham v. Chandler, 12 Ala. R. 829; Westmoreland v. Hale, 11 ib. 122.

To authorize an execution to issue against the sureties on an administration bond, there must be a decree against the

principals in the bond. Clay's Dig. 305, sec. 45; Watkins v. Basset, 3 Ala. Rep. 707.

Where a decree against an administrator is unauthorized, and after a return of no property to an execution issued thereon, execution issues against the sureties on the administration bond, the proper remedy is by *supersedeas*. 3 Ala. R. 707. The decree was improperly rendered against Steele alone, and a statute judgment consequent upon a return of " no property" void. 3 Ala. Rep. 707.

Hoit, contra.

The securities, upon an administration bond, are securities *for* the *estate*, and become liable whenever the administrators, or either of them, are guilty of a breach of duty, or fail to account for the assets received, and to the amount of the defalcation. But each administrator is only liable *as administrator*, for the assets which come to his hands. Lomax on Ex. 182, § 22; 2 Wms. on Ex. 1218, 1219, 1118; Bacon's Ab. "Executors, &c." D. § 2; Littlehales v. Gascoyne, 3 Brown's Ch. Rep. 74; Williams v. Holden, 4 Wend. Rep. 229; Moore v. Tandy, 3 Bibb's Rep. 97; Douglass v. Satterlee, 11 Johns. Rep. 16; Call v. Ewing, 1 Blackford'sRep. 301; Stewart v. Conner, 9 Ala. Rep. 803, 814-15; King v. Shackelford, 13 ib. 435 : and each co-administrator has a right to settle a separate account of his administration. Case of Patterson's estate, 1 Watts & Serg. Rep. 291; 1 Sup. to U. S. Dig. at page 835, § 1031. Consequently the securities are liable for *each* administrator, to the amount he individually received.

This court has often recognized this principle, that it will not reverse a judgment, in such a case, on grounds not presented to the consideration of the court below. 5 Ala. Rep. 197; 9 ib. 71; 11 ib. 733, 740; 13 ib. 196.

. If the court shall be of opinion, from the circumstances, that this case has been managed for delay, I respectfully submit, whether it is not a proper case in which damages ought to be allowed.

DARGAN, J.—It is contended, that the decree against Steele, alone, on which execution was issued, and returned,

no property, does authorize an execution against the joint securities of the administrators, for the reason, that by joining in a joint bond, they become liable for the acts of each other, and both are bound to protect the securities, against the acts of each.

The bond, however, is not before us, and we cannot pronounce an opinion upon its legal effect. It may however be said, that the authorities referred to by the plaintiffs counsel, show, that if co-administrators join in a joint bond, they are liable for the acts of each other, and both bound to protect the joint securities from the consequences of the acts of the other. 5 Pick. 96; 7 B. Monroe, 15; 6 Gill & John, 288; 2 Dev. Eq. 115; 2 Conn. 536; 5 Humph. 453. Whether the bond, however, will have the effect to make each co-administrator liable for the acts of the other, will depend on the intention of the parties, to be gathered from the instrument itself. Perkins and Elliott v. Mayfield and wife, 4 Ala. Rep. 417. The orphan's court, however, erred in dismissing the *supersedeas.*

To entitle the plaintiff to an execution on the return of *nulla bona,* upon one issued on a final decree, rendered against an administrator, he must show, that he has not only obtained a valid decree, but that a valid execution has been issued and returned, *no property.*

The execution issued against Steele, was not made returnable to a regular term of the county court, but to a day appointed by the orphans' court: such an execution is void. For although it issues on a decree of the orphans' court, it must be made returnable to the semi-annual term of the county court. Westmoreland v. Hale, 11 Ala. Rep. 127; Graham & Abercrombie v. Chandler, 12 Ala. Rep. 829.

The judgment of the county court must be reversed, and the cause remanded.