LITTLE ET AL. vs. HEARD ET UX.

1. A return of no property upon an execution, issued on a final decree against the administrator in the Orphans' Court, but not made returnable to a regular term of the County Court, will not authorise the issuance of execution against the securities to the administration bond.

2. An administrator, who, as distributee of the estate, obtains a decree and execution against his co-administrator for assets received and not accounted for, cannot, on a return of no property, have execution against the joint securities of himself and co-administrator.

Error to the County Court of Sumter.  Tried before the Hon. Preston G. Nash.

THE defendants in error,—the latter of whom was the widow of John Knox, and, in conjunction with John Steele, administered on her deceased husband's estate—on the final settlement of Steele's administration, obtained a decree against him for her distributive share, upon which an execution issued returnable to a monthly term of the Orphans' Court, and was returned no property.  An execution then issued against the plaintiffs in error, who were securities on the joint bond of the administratrix and administrator.  The plaintiffs in error superseded this last mentioned execution, and at the next term of the County Court, moved to quash it, but the court overruled the motion, and they now assign it as error.

METCALFE, for the plaintiffs :

1. The execution issued on the decree against Steele was returnable to the Orphans' Court, and was therefore void.  A return of " no property" on a void execution, or an execution upon which property could not be taken, is insufficient to fix

Little et al. v. Heard et ux.

the liabilty of the sureties on the administration bond. Graham v. Chandler, 12 Ala. Rep. 829; Westmoreland v. Hall, 11 Ala. Rep. 122.

2. A person pursuing a summary remedy given by statute, must conform strictly to the terms of the act, and that conformity must be shown by the record. Bettis v. Taylor, 8 Porter, 574.

3. To authorise an execution to issue against the sureties on the administration bond, there must be a decree against the principals in the bond. Clay's Dig. 305, § 45; Watkins v. Barret, 3 Ala. Rep. 707. Where a decree against an administrator is unauthorised, and after a return of no property to an execution issued thereon, execution issues against the sureties on the administration bond, the proper remedy is by supersedeas. Watkins v. Barret, 3 Ala. Rep. 707. The decree was improperly rendered against Steele alone, and the statute judgment consequent upon a return of no property, is void. Watkins v. Barret, 3 Ala. 707.

4. It is not material whether Heard and wife participated in the administration or not, for where *joint administrators unite in the same bond, they are jointly and severally liable, not only each for his own acts, but for the acts of the other.* Babcock v. Hubbard, et al. 2 Con. 536; Hughlett v. Hughlett, 5 Humph. Rep. 160; Brazier v. Clark, 5 Pick. 96; Clark v. State, 6 Gill & Johnson, 288; Brotton v. Bateman, 2 Dev. Eq. Rep. 115; Collins v. Carlisle's heirs, 7 B. Monroe, 15. To allow this execution to be enforced, would present the anomaly of the principal in a bond recovering thereon against her own security.

Hoyt, for the defendant.

CHILTON, J.—By the second section of the Act of 1832, Clay's Digest, 305, § 45, it is provided " whenever any execution shall have issued on any decree made by the Orphahs' Court on final settlement of the accounts of executors, administrators, or guardians, and is returned by the sheriff " no property found" generally, or as to part thereof, execution may, and shall forthwith issue against the securities of such executors, administrators or guardians."

It is manifest from an examination of this statute, that to authorise an execution against the sureties in an administration bond, there must be—1st. A decree made by the Orphans' Court on final settlement of his account, against the administrator, which may be enforced by execution.   2d—An execution must actually have issued upon such decree, and have been returned no property found generally, or as to part; and 3d—There must be a bond, by which the securities are bound for the administrator's default.   See Thompson v. Bondurant & King, 15 Ala. Rep. 346–351.   Do these three requisites concur in the case before us, to sustain the execution which was issued against the plaintiffs in error?   If they do not—if the record fails to show every material fact necessary to support this summary judgment against the sureties, the court should have quashed the execution as to them.

It appears that Eleanor Knox, the widow, and John Steele, administered upon the estate of John Knox, deceased, in April 1840, and entered into bond in the penalty of twenty thousand dollars, with William Little and Robert Clanton, the plaintiffs in error, as their securities.

A decree was rendered, on the final settlement against Steele, in favor of Heard, (who had married the widow) in right of his wife, and an execution was issued thereon, returnable to the court, awarding the decree, to be held the fourth Monday in November 1847.   The stated terms of the County Court proper, for Sumter county, are holden the second Mondays in February and July (Clay's Digest 299.)   This execution being returned no property found, an execution issued, without any previous order of the court, against the securities of said Steele, returnable to said court on the 4th Monday in January 1848.   This being stopped by the clerk, afterwards another issued and was superseded.   We do not think that it requires any previous order of the court, after an execution has been duly returned against the administrator, " no property found," to authorise the issuance of one against the sureties.   The statute is peremptory in its requisition, and seems to contemplate its issuance as a ministerial duty of the clerk of the court.   It is required to be issued *forthwith* after the return of the previous execution unsatisfied.   But we are clear in the opinion, that according to the previous decisions

of this court, the execution which issued against Steele, the administrator, and made returnable to the monthly return day of the Orphans' Court, instead of to the stated term of the County Court, did not authorise the issuance of this *fi. fa.* which is sought to be quashed by the sureties. It has several times been decided by this court, that an execution issuing upon decrees of the Orphans' Court on final settlements, should be made returnable to the stated or semi-annual term of the County Court, and that a sheriff is not liable to the summary remedy which the statute gives, by motion, for his failure to return such execution, unless made so returnable. By analogy, it would seem to follow, that the sureties to the administration bond could not be proceded against summarily in consequence of such irregular process. Were the question *res integra,* I should hold that the statute contemplated that executions issuing from the Orphans' Court should be made returnable to that court, and not to the County Court. The statutes upon the subject recognise them as distinct courts, having, it is true, the same officers, but keeping distinct records, the Orphans' Court having a special and limited jurisdiction, defined and prescribed by the various legislative enactments. But the question must be considered settled by the previous decisions—Westmoreland v. Hale, 11 Ala. Rep. 122; Graham v. Chandler, 12 ib. 829; and it would result in irreparable injury to many parties litigant now to disturb it. The execution in this case not having been made returnable as required by the rule recognised by the previous adjudications refered to above, there is no warrant for the subsequent execution against the sureties, and as that execution was also made improperly returnable to the Orphans' Court, instead of the semi-annual term of the County Court, it was irregular, and should have been quashed. Another question however, comes up in this case, which is not entirely free from difficulty. Mrs. Heard, whose husband in her right, is enforcing the execution complained of, was one of the administrators, and jointly bound with Little and Clanton, the plaintiffs in error, on the administration bond. The question then is, can one administrator by virtue of the statue before copied, enforce the collection of a decree against the co-administrator in her favor as distributee of the estate out of the sureties who are bound

jointly with both administrators in a bond for the faithful performance of their duties, &c.

In King v. Shackleford, 13 Ala. Rep. 435, we held, that one executor, who is also a creditor of the estate he represents, may file his intention in the Orphans' Court to compel a settlement and distribution of the estate, his co-executor having assets for which he fails to account. Nothing, however, is said as to the liability of their common sureties, for any default of the derelict administrator.

In Little, et al. v. Knox, administrator, 15 Ala. Rep. 576, it was held, that if administrators execute a joint bond, they are liable to a distributee for the acts of each other, and are both bound to protect the joint securities from the consequences of each other's acts. If this be a correct exposition of the law, it follows, the sureties cannot be held responsible to one of the administrators for the default of the other. To hold the law otherwise would present the anomaly of the principal recovering against her own sureties for the default of her joint obligor and co-principal. The bare statement of this proposition carries with it a sufficient refutation.

Let the judgment be reversed, and the cause remanded.