LAMKIN *et al. vs.* HEYER, *et al.*

1. A decree of the Orphans' Court against an administrator, in favor of the distributees, is conclusive on him and his securities, and it cannot be impeached on the ground that the parties in whose favor the decree was rendered, are not distributees.

ERROR to the Probate Court of Lowndes.

STONE & JUDGE, for plaintiffs in error:

1. " By the 3rd section of the bankrupt act of 1841, not only the property in possession, but actions pending, and mere rights of action, of every one who is regularly declared a bankrupt, vest, *eo instanti*, in the assignee appointed for that purpose."— (Butler and Wife v. Insurance Company, 8 Ala. 146 ; Reavis v. Garner, et al. 12 Ala. 661.)

2. Therefore, one who has been regularly declared a bankrupt, cannot institute and maintain a suit in his own name, on a cause of action due him at the time of the declaration of bankruptcy. And even if a suit be commenced previous to the bankruptcy of the plaintiff, the subsequent declaration of his bankruptcy disables him from the further prosecution of the suit.— (Lacey et al v. Rocket, 11 Ala. 1002 ; Brooks & Wilson v. Harris, 12 Ala. 555.)

3. The record shows that E. P. & H. Heyer were bankrupts at the date of the rendition of the decree in their favor in the Orphans' Court, and had been regularly declared such. They were then not entitled to said decree ; but Lamkin, the administrator, not having raised the objection, the decree is conclusive as against him.

4. But the sureties of Lamkin, (the Hinkles) not having been parties to the settlement, nor even *quasi* parties, could not at the settlement have shown the bankruptcy of the Heyers. Had they been present at the settlement, not having been parties, they would not, and could not have been heard to raise this objection.

5. The sureties then, when they are proceeded against in the summary mode provided by statute, have the right to make this defence ; and the appropriate mode of making it is by *supersedeas*, or motion to quash the execution, as to them,—

Lamkin et al. v. Heyer et al.

(Thompson v. Bondurant & King, 15 Ala. 346 ; Little, et al. v. Heard, *et ux*. 16 Ala. 358.)

The sureties have this right, otherwise the statute authorizing such summary and *ex parte* proceedings against them is unconstitutional and void. (Upon this point see concluding part of Judge Ormond's opinion in Anderson v. Rhae, 7 Ala. 106 and 107.)

They have the right, because "no security for an executor or administrator shall be chargeable beyond the assets of the testator or intestate, on account of any omission or mistake in pleading, of the executor or administrator."—(Clay's Dig. 228, § 34.) The recovery in this case in the name of the Heyers, would be no bar to a recovery of the same debt by the rightful owner ; and if the sureties are compelled to pay this decree, and are hereafter compelled to pay the same debt to the rightful owner, they will not only be chargeable twice for the same demand, but they will also be "chargeable beyond the assets of the intestate," for the omission to plead of their principal.

They have this right, because they are bound only for the faithful performance of the duties which the law requires of the administrator. One of his duties is, to pay debts to creditors. It is no part of his obligation to pay them to strangers.—Clay's Dig. 221, § 3.

6. But to entitle the Heyers to an execution against the Hinkles, they must show that they have obtained a valid decree against Lamkin, and that a valid execution has been issued thereon, and returned no property found.—(Little et al v. Knox, adm'r. 15 Ala. 576.) On our motion in the Probate Court, the *onus* being upon the Heyers to show the valid decree, and the valid execution against Lamkin, and they not having shown these things, the court erred in dismissing our motion, and turning us out of court.—(See Little & Knox, *supra*, and Little *et al*. v. Heard, *et ux*. 16 Ala. 358.)

7. But the record shows affirmatively, that there was no valid decree against Lamkin ; and consequently, that no valid execution could have been issued against him, so as to bind his sureties. A regularly declared bankrupt, as to all debts, &c. due him previous to his bankruptcy, is *civiliter mortuus ;* and this court has decided that "an execution issued on a judgment after the death of the plaintiff is void."—(Stewart v. Nuckols, 15 Ala.

225.) In this case, the execution was issued not only after the civil death of the plaintiffs, but they were civilly dead at the date of the rendition of the decree in their favor; which makes this a stronger case than that of Stewart v. Nuckols, *supra.*

8. There was no valid decree against Lamkin, because " it is a legal *axiom*, that to authorize a court to adjust the rights of parties, and to render an operative judgment between them, there must be what is sometimes called, in technical language, an *actor* and a *reus ;* or in other words, a controversy conducted by a plaintiff, and a defendant, having an actual existence, no matter by what names they are known."—(See opinion of Collier, C. J. in Stewart v. Nuckols, 15 Ala. 231.) Hence, this court has decided that a judgment recovered against a dead man is a nullity."—(Hood, et al. v. Bank at Mobile, 9 Ala. 335.)

The case of Powell v. Washington & Brock, in 15 Ala. 803, is not in conflict with the law as above stated, because in that case, John Morgan, a party *in esse*, was a party plaintiff with Washington, the dead man. And no second recovery could be had on the cause of action in that case, because the plaintiff really in interest, being a party to the record, and recovering for his use, could never have a second recovery.

GILCHRIST, *contra:*

1. A judgment being the solemn adjudication of a court having competent jurisdiction of the subject matters in a cause, it is of so high a nature, that it can only be questioned by writ of error, petition for a new trial, or by application to a Court of Chancery when the direct object is to set it aside, for fraud, &c.— Swift's Evidence, p. 9-10; 1 Day's R. p. 170. Indeed, this is a general rule, the only exception being when the judgment or other proceeding is *coram non judice*, or actually void.

2. A judgment is conclusive upon *parties and privies*, in a suit of matters at issue, or which may have been put in issue. The plea of the bankruptcy of the Heyers could have been pleaded at the administration settlement.—1 Chit. Plead. p. 25 and note.—Lacy, Terrell & Co. v. Rockett, 11 Ala. 1002. By pleading one plea, defendant admits all pleas inferior to it— (1 Chit. Plead. 474; 2 Saunders Plead. & Ev. 132;) and by not pleading at all, he admits plaintiff's right to sue, and is conclud-

ed.—Powell v. Washington & Brock, 15 Ala. 803; a case in point and decisive of the one at bar.

3. But the judgment is conclusive, and cannot be impeached. Crawford v. The Adm'rs. of Siminton, 7 Port. 110; Garner v. French, ib. 549; Cullum v. Casey & Co. 1 Ala. 551; Lee & Norton v. The Insurance Bank of Columbus, et als. 2 Ala. 21; Williamson v. Howell, et al. 4 Ala. 693; McClure v. Colclough, 5 ib. 55; 15 ib. 803; Perkins v. Moore, Judge, &c. 16 ib. 17; Wyman, et al. v. Campbell et al. 6 Port. 219; 1 Greenl. on Ev. 590-596 and note. Some of the above cases were determined in chancery, but they are more than persuasive to show the binding effects of judgments at law.

4. The judgment being clearly conclusive against Lamkin, the administrator, is clearly binding on his sureties as shown by some of the above cases, and particularly Perkins v. Moore, Judge &c. 16 Ala. 9; Williams v. Howell, 4 Ala. 693; Townsend & Gordon v. Everett, 4 Ala. 607.

5. But there is a judgment against the securities on the return of execution, "*nulla bona*," against the administrator; execution issued against his securities under the statute, and was returned, no objection being made, nor is it contended that there was any irregularity. This proceeding being authorized by the statute, and there being no irregularity, no advantage can be taken by the securities. No improper use has been attempted by the execution.—Williamson v. Howell, et al. 4 Ala. 693.

6. Had the plea of bankruptcy of the Heyers been put in by the administrators or creditors at the final settlement, we could have replied that the debt subsequently came to our hands; this would have been a good replication.—Birch v. Tillotson, 16 Ala. 387.

7. In Powell v. Washington & Brock, 15 Ala. 803, suit was brought in the name of Powell, use, &c. Powell was dead before suit was brought. The matter of plaintiff's death before the suit brought, could have been pleaded in bar, (Jenks v. Edwards, use, &c. 6 Ala. 144.) This defence however, was not resorted to in the case of Powell v. Washington & Brock, and there was judgment *nil dicit*. The court say "is it permissible for the security of Washington in the *supersedeas bond*, to say there was a valid defence, of which my principal might, but did not avail himself. The defence goes merely to the ca-

pacity of one of the parties to sue. That capacity was admitted by failing to object to it on the trial." This case is identical in principle with the one at bar, and is conclusive of it.

The writ of *supersedeas* is allowed in cases, as a substitute for the *audita querela*, being a more summary remedy; it is governed by the same law. The *audita querela* would not lie in the case made.—§ 1 Bacon Ab. 510.

DARGAN, C. J.—The question presented for our revision arises in this manner: In August, 1847, a decree was rendered against John B. Lamkin, as administrator of George Clark, in favor of E. P. & H. Heyer, for six hundred and five dollars 62-100, as their distributive share and portion of said Clark's estate. Execution was issued shortly thereafter against Lamkin, which was returned no property, and afterwards an execution was issued against Lamkin and his securities on his official bond. A motion was made by the defendants in this execution to quash it, and also to annul the decree, on the ground that E. P. & H. Heyer had been in the year 1842, before the rendition of said decree, declared bankrupts, and all their rights had vested thereby in William C. H. Waddell, the assignee in bankruptcy. These motions were refused by the court.

It may not be improper to observe, that it is somewhat questionable whether this court should reverse the action of the court of probate, as no exception was taken to the judgment of the court, notwithstanding the facts were admitted by the parties, and the question of law raised in the form of a demurrur to them. But inasmuch as the parties do not raise that objection, we will proceed to the merits of the case.

No principle of law can be better settled than this, that a judgment rendered by a court of competent jurisdiction is conclusive upon the rights of the parties as to all matters that were, or could have been properly litigated in that suit. The authorities referred to by the defendants' counsel fully establish this rule, if, indeed, authorities were necessary to prove it. If this were not so, there would be no end of litigation, and the recovery of a judgment upon one trial would only become the beginning of another suit or contest in reference to the same subject matter. The administrator could have controverted the rights of the Heyers, as distributees, on the final settlement. This he

did not do, and his failure is conclusive alike on him and his securities. This question cannot be litigated again in the Orphans' Court, for the decree against Lamkin and the execution issued thereon, which was returned no property, are made to operate as a decree against his securities. This decree cannot be impeached *unless for fraud.* It cannot be on the ground that the parties in whose favor the decree was rendered, are not distributees. This would be to upset the entire settlement, for the mere purpose of contesting a fact that could have been tried at the final settlement.

In the case of Williamson v. Howell, 4 Ala. 693, it is said that the sureties of an administrator are concluded by a settlement of their principal in the Orphans' Court, unless there be fraud. To the same effect is the case of Townsend & Gordon v. Everett, Ib. 607 ; and see also Slatter and wife v. Glover, 14 Ala. 648.

The bankruptcy of the Heyers being the only ground alleged why the execution should be quashed, the motion made for that purpose was properly overruled, and the judgment must be affirmed.