POACHER *vs.* WEISINGER, ET AL.

1. To support a writ of *fi. fa.* issued under the statute (Clay's Digest 305 § 45) against the securities of an executor, it is indispensable that a *fi. fa.* should have been issued against the executor, and returned "no property found;" otherwise the execution against the securities is void, and may be quashed on motion.

ERROR to the Court of Probate of Perry.

The estate of Sterling Gorman, deceased, was declared insolvent in April, 1843, and the Judge of the Orphans' Court being incompetent from interest to preside on the settlement, commissioners were appointed under the statute, by the Judge of the Circuit Court, to settle the estate. The commissioners rendered a decree in June, 1845, which was entered of record on that day. This decree is entitled, "Commissioners' Court, Special Term, sitting for the settlement of the estate of Sterling Gorman," and it recites that the executor, Leonard A. Weisinger, and several creditors of the estate appeared on that day before the commissioners; that the executor presented his accounts and vouchers for settlement, from which it appeared that he was chargeable with $20,129, assets received by him, in addition to the amount with which he had previously been charged, and was entitled to credits, for moneys paid out by him, to the amount of $9,750 $\frac{74}{100}$, leaving a balance in his hands due the estate of $10,372 $\frac{26}{100}$. A dividend of sixty per cent., in addition to the amount previously declared, is then decreed in favor of the several creditors, of whom the plaintiff in error was one, for which executions are ordered to issue, "returnable to a meeting of the undersigned commissioners, on the sixth Monday after the fourth Monday in September next." A minute entry recites that this decree "was entered of record." The former decree referred to is not set out in the record. An execution was issued on the decree in favor of the plaintiff in error against the executor on the 10th September, 1845, which recites the rendition of the decree "at a Special Commissioners' Court," and is made returnable "before the commissioners of our said court, on the sixth Monday after

the fourth Monday in September, 1845." This execution was levied on land and some personal property, and was "returned without sale, plaintiff's attorney having postponed the sale of the land, and the other property not sold for want of bidders." Another execution in the same form, issued against the executor on the 27th May, 1846, and was returned "no property found."

On the 1st March, 1849, a notice was issued to the plaintiff in error that a motion would be made, at the next term of the Orphans' Court, to quash an execution which had issued on the 19th February, 1849, against Weisinger, as executor of Gorman, and Lockhart and Johnson, as his securities on his bond as executor, returnable to the next term of the County Court; but the execution itself nowhere appears in the record. At the next term of the Orphans' Court, *held on the 19th March*, 1849, it is recited in the judgment entry that the plaintiffs in the motion appeared by their attorney, "and the said plaintiff in execution *came not, but made default;* and it appearing to the satisfaction of the court that said plaintiff has had legal notice of said motion, and that all the executions issued on said decree against the said executor were utterly void, and that all the several grounds stated in said motion are true, it is ordered," &c., "that said execution be quashed."

The next entry recites that "*afterwards, on the 19th March,* 1849, *the plaintiff filed his bill of exceptions,*" which is then set out. From this bill of exceptions it appears, that on the hearing of the motion the plaintiff in execution appeared and resisted it, and in addition to the two executions above described, produced another execution, which issued against the executor in favor of the plaintiff in error, *on the 14th January,* 1847, and was returnable to the next regular term of the County Court, to be held on the first Monday in February, 1847, and which was returned "no property found." It then recites that "upon this state of facts, the court decided that the executions issued on the 10th September, 1845, and 27th May, 1846, were null and void, and therefore the execution issued *on the 14th January,* 1847, having no previous execution to support it, and more than a year and a day having elapsed from the rendition of the decree on which it

issued, *was irregular and should be quashed,* and gave judgment accordingly; to which defendant excepted."

JOHN, for plaintiff in error.

MOORE & GARROTT, *contra.*

LIGON, J.—The record in this case no where shows that Johnson and Lockhart, against whom the execution quashed in the court below issued, were ever parties to any proceeding or judgment in that court. They are said to be the sureties of Weisinger, on his bond as executor; but the record contains no such bond, and without it, and a *fi. fa.* against the executor returned "no property found," there is no predicate for the writ of *fi. fa.* mentioned in the bill of exceptions; and it was rightly quashed on motion.

Nor does the record show such a judgment against Weisinger, and regular issue of writs of *fi. fa.* upon it, as would authorize the issue of the execution quashed in the court below. We will not reverse, unless the record shows a judgment in the court below, on which an execution could rightfully issue.

Let the judgment be affirmed.