Rogers, Adm'r. .v. Grannis & Co.

---

## ROGERS, Adm'r. *vs.* GRANNIS & Co.

1. In a suit against an administrator *de bonis non*, on a note purporting to have been executed by his intestate, an admission made by the administrator in chief of the genuineness of the signature, is not admissible against the defendant.

2. Nor is the implied admission, arising from judgments recovered against the administrator in chief on notes signed in a similar manner, admissible evidence against the administrator *de bonis non*.

ERROR to the Circuit Court of Tuskaloosa.

Tried before the Hon. Geo. D. Shortridge.

Assumpsit by C. B. Grannis & Co. against the plaintiff in error as administrator *de bonis non* of James McCullough, deceased, on a note purporting to have been executed by the intestate; pleas (among others), *non assumpsit* and *non est factum*.

The plaintiff offered to prove at the trial the admissions of the previous administrator as to justness and genuineness of the note. The defendant objected to this evidence, but the court overruled his objection and admitted the evidence. The plaintiff also offered in evidence other notes of the intestate executed in a similar manner, and proved that judgments were recovered on them against the previous administrator. The defendant also objected to this evidence, but the court admitted it. The defendant excepted to the rulings of the court, and now assigns them as error.

E. W. PECK, for plaintiff in error:

1. The declarations of Mrs. McCullough were not competent evidence against the plaintiff in error.

2. They were not proper evidence, under the issue of *non est factum*, to prove the execution of the note.

3. The other notes, that purported to have been made in the same way the note in this case appears to have been made, were improperly admitted to be read as evidence in this case against the plaintiff in error.

ORMOND & NICOLSON, *contra:*

The court did not err in admitting the testimony of Cochran, proving the admission of the former administrator, the wife of the deceased, that the claim was just and would be paid. The plaintiff in error is the administrator *de bonis non*, and is bound by any promise or admission made by his predecessor in the administration. Newhouse & Co. v. Redwood, 7 Ala. 598; Paley on Agency, 172.

2. The other notes of the intestate were properly admitted. 13 Mees. & W. 598.

3. An affidavit to the plea of *non est factum* being made, the only question was, whether Haughey, who had signed the note sued on, was in fact the agent of McCullough. If it had

been intended to admit the agency of Haughey, and to deny the *factum* of his signature, it should have been so stated. The mere plea of *non assumpsit* only raised the question of agency, i. e. whether the signature of McCullough's name by Haughey, was equivalent to McCullough's signature m de by himself.. Mauldin v. Br. Bk. at Mobile, 2 Ala. Rep. 505.

Such being the case, it was perfectly legitimate to prove the payment of other notes signed by Haughey as agent, and it could make no difference that such notes were sued on. The omission to put the fact of agency in issue, or to make any defence, was, in law, a distinct admission.

CHILTON, J.—The first question arising on this record is, whether the admissions of Mrs. McCullough, made while she was administratrix *de bonis non*, and which tend to show the genuineness of the note sued on, should have been admitted against the defendant, who is sued as her successor.

After the best examination which I have been enabled to bestow upon this point, I have been unable to arrive at the conclusion that the court properly received such admissions.

It is well settled that the admission of one of several administrators shall not be received against another, though they are both defendants to the record, not even to take the intestate's note out of the statute of limitations. Forsyth v. Ganson, 5 Wend. 558; Caruthers & Kinkle v. Mardis, 3 Ala. Rep. 599, and cases there cited; but this proceeds upon the ground that otherwise the representative making the admission would have it in his power to charge the others with a *devastavit.* Does a different principle apply when, instead of being co-administrators, one is the successor of the other?

In Newhouse & Co. v. Redwood's Adm'rs, 7 Ala. Rep. 598, it was held that the admissions of the administrator in chief were admissible against the administrator *de bonis non,* to take the demand out of the statute of limitations, in an action against the latter. It is not necessary now to inquire whether this decision can be supported, because, conceding its correctness, it does not decide the case before us. In that case, there was a debt confessedly due from the intestate, and the only question was, whether it was to be considered as paid or discharged from the lapse of time. The admission of the ad-

16

ministrator in chief acknowledged its then existence as a subsisting valid demand; in other words, he acknowledged the justness of the demand already existing. Here, the *existence* of the demand is the question. Did the intestate make the note? If he did not, no admission of the former administrator could create a liability upon the estate, but at most, could bind him personally, if such as could be enforced under the statute of frauds.

The distinction between admissions which merely avoid the statute, and those which go to *create* a liability, is recognized in many cases. See cases cited in 4 Cow. 493.

It is discretionary with the administrator, whether he will plead the statute of limitations, and if he make a new promise so as to avoid it, this promise, it may be said, goes with the debt, and revives it against the estate, and consequently against any subsequent representative. But it is not in his power to *create* a debt or liability against the estate, and therefore his admissions cannot be received against his successor. To allow them would, in many instances, work irreparable injury to the estate, in charging it with debts which have no foundation in fact, and in cases of this kind, compelling the estate to lose the demand, or turning the administrator *de bonis non* round upon the previous administrator, to recover for making improper and false admissions. Indeed, no administrator *de bonis non* could tell how the estate would turn out, or what course he should pursue in its administration, if every conversation or admission of his predecessor might be received injuriously to affect it in his hands; see Hall, Ricks & Co. v. Darrington, 9 Ala. Rep. 502. The cases collected in Phillips's Evidence, (C. & H. notes,) vol. 2, 167 to 172, sustain the conclusion that such admissions should not be received.

It follows that, as the direct admissions of the previous administrator could not be received, the implied admission arising from judgments against the administrator in chief, on notes signed in a similar manner by the intestate, was improperly admitted.

Let the judgment be reversed and the cause remanded.