## KIRBY'S ADM'R *vs.* ANDERS, GUARDIAN &c.

1. When an execution from the probate court against an executor or administrator has been returned "no property found", an execution may issue against him and his sureties, (Code, § 1922,) but the court is not authorized to render a judgment against the sureties on such return; and if one of the sureties die before the return of "no property" against his principal, the summary statutory remedy entirely fails as to him, and cannot be revived by *scire facias*.

APPEAL from the Court of Probate of Tuskaloosa.

SCIRE FACIAS to revive a judgment. The *scire facias* recited, that a decree was rendered on the 18th November, 1852, by the Probate Court of Tuskaloosa, against John Hudson and Nancy Hudson, as administrator and administratrix of the estate of James Hudson, deceased, in favor of Ezekiel Anders, as guardian of Julia Ann B. Hudson, for $1,500, as said Julia's distributive share of said estate ; that a *fieri facias* was issued on this decree, against said administrators, on the 2d December, 1852, and was on that day placed in the hands of the sheriff of said county, and "was returned by the said sheriff to a term of the Probate Court aforesaid, on the second Monday in March, 1853, 'no property found'"; that Humphrey B. Rogers and John Kirby were sureties of said Nancy Hudson, on a bond given by her as administratrix of the estate of said James Hudson, deceased, before her intermarriage with said John Hudson ; that after the execution of said bond, said John Kirby had died, and James C. Spencer had been appointed by said court " administrator with the will annexed of the estate of said John Kirby." This *scire facias* was issued on the 16th March, 1853, and within less than ten days after the said return of no property found on said execution ; and it calls on said Spencer, as administrator of said John Kirby, to show cause " why an execution should not issue against the estate of said John Kirby, on the decree aforesaid," &c.

After the service of this *scire facias*, and on the second Monday in June, 1853, the said Spencer, administrator as aforesaid, appeared, and filed a special plea in answer thereto, which it is unnecessary here to notice. The court sustained a demurrer to this plea, and entered judgment " that said plaintiff recover of said defendant, J. C. Spencer, administrator of the estate of said John Kirby, deceased, the said sum of $1,500, besides costs", &c ; " but it appearing to the satisfaction of the court that said estate has been reported insolvent, it is ordered that no execution issue thereon," &c.

The rendition of this judgment is now assigned for error.

MOODY, and ORMOND & NICOLSON, for the appellant.
E. W. PECK, *contra*.

RICE, J.—Section 1922 of the Code authorizes an execution to be issued against an executor or administrator and his sureties, whenever an execution for money has issued from the Probate Court against such executor or administrator, and has been returned to any regular term of such court "no property", by the sheriff of the county. But no power is conferred on that court, by this section or by any other part of our law, to render a judgment against the sureties of an executor or administrator on such return of "no property." Clarke v. West, 5 Ala. 117.

It is only by virtue of the statute, that an execution is allowed to issue against the sureties on such return of "no property". The statute gives this summary remedy only against the sureties ; and the courts cannot extend it to the administrator of a surety.—Jenkins v. Gray, 16 Ala. 100.

If a surety dies before such return of no property, the summary remedy allowed by the statute fails as to him. Thompson v. Bondurant, 15 Ala. 346. And our opinion is, that the fair legal conclusion from the recitals in the *scire facias* in this case is, that the surety John Kirby died before the return of "no property" was made. For the *scire facias* issued in less than ten days after said return was made, and shows that Spencer was, on the day it was issued, the administrator with the will annexed of said Kirby ; and under our Code, such an administrator could not have been lawfully appointed in less than ten days after the death of the testator.—Code, §§ 1632, 1633, 1657, 1663, 1664, 1665, 1675.

But if the administration bond had the force and effect of a judgment against Kirby at the time of his death, it is certain that no execution issued thereon against him before his death ; and therefore, if every other objection to this proceeding by *scire facias* were waived, it must fail, under the rule announced in section 1930 of the Code, which, in effect, is, that where a judgment has been rendered against the decedent before his death, and no *fieri facias* has issued thereon during his life, no execution thereon can issue against the personal representatives, nor can the judgment be revived against them except by suit on the judgment.

In every point of view, the *scire facias* and judgment thereon rendered in the court below are unauthorized by law. That

judgment is reversed, but the cause is not to be remanded : the judgment of reversal is to be so entered here, that the *scire facias* be quashed, and the appellant recover of the appellee the costs of this court and of the court below.