HURST AND WIFE, Adm'r and Adm'x, *vs.* WILLIAMSON
AND WIFE.

[SCIRE FACIAS TO REVIVE DECREE.]

1. *Scire facias to revive decree; when not allowed.*—A decree rendered
against an administrator, on a settlement of his administration, can-
not be revived by *scire facias,* in favor of a distributee of the estate,
against the personal representative of such administrator ; and such a
proceeding will be quashed on appeal.

APPEAL from Henry Probate Court.

A decree was rendered by the probate court of Henry
county, on final settlement of the accounts of John Ward,
as administrator *de bonis non* of Daniel Pitts, deceased, in
favor of Jane Williamson, (one of the distributees of said
estate,) and her husband, John Williamson, for the sum of
630 75-100 dollars, on 23d February, 1861.   After the de-
cree, Ward, the administrator, died, and a petition was filed
by appellees against appellants, as administrator and ad-
ministratrix of said Ward's estate, for a *scire facias* to re-
vive said decree against them, as representatives of said
Ward ; and the probate court, after notice, and upon a
hearing, revived the said decree accordingly against said
appellants.   From this decree of revivor they appealed,
and assigned for error the rendition of said decree of re-
vivor.

S. H. DENT, for appellants.
W. C. OATES, for appellee.

BYRD. J.—There is no statute which authorizes the
probate court to revive a decree rendered against an ad-
ministrator on a settlement of his administration, in favor
of a distributee of the estate, against the personal repre-
sentative of such administration.

Whatever may be the remedy of such distributee, the
law does not afford one by *scire facias,* to revive the decree

against such personal representative.—Code, § 1930 ; *Kirby, Adm'r, v. Anders, Guardian, &c.*, 26 Ala. 468.

It results that the decree of revivor must be reversed, and a decree here rendered quashing the *scire facias.*

The appellees must pay the costs of this court and the court below.