# Graves's Administrator *v.* Flowers.

### *Action on Judgments of Justice of the Peace.*

*Judgment against executor not binding on successor.* — A judgment against an executor is, as to a succeeding administrator *de bonis non, res inter alios acta:* it is neither binding on him, nor admissible as evidence against him.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. J. McCALEB WILEY.

This action was brought by Richard Flowers, against Charles Graves, as the administrator *de bonis non,* with the will annexed, of James Graves, deceased; was founded on several judgments, which the plaintiff had recovered before a justice of the peace in said county, in February, 1861, against Mrs. Sarah Graves, as the executrix of the last will and testament of the said James Graves ; and was commenced on the 29th March, 1870. There was a demurrer to the complaint, on the ground that it showed no cause of action against the defendant; but the court overruled the demurrer, and in its various rulings on the pleadings and evidence, and in the charges to the jury, held the judgments admissible evidence against the defendant, and conclusive on him ; and these rulings, to which exceptions were reserved by the defendant, are now assigned

[Graves's Administrator *v.* Flowers.]

as error, together with other matters which require no special notice.

PARKS & HUBBARD, for appellant, cited *Darrington* v. *Borland*, 3 Porter, 38; *Borland* v. *Phillips*, 3 Ala. 720; *McLaughlin* v. *Nelms*, 9 Ala. 929; *Lambeth* v. *Garber*, 6 Ala. 870; *Hall, Weeks, & Co.* v. *Darrington*, 9 Ala. 503; *Rogers* v. *Grannis & Co.*, 20 Ala. 247.

NORMAN & WILSON, *contra.*

BRICKELL, J. — The judgments rendered against Sarah Graves, as executrix of James Graves, deceased, are causes of action against the appellant, as administrator *de bonis non*, with the will annexed, only on the hypothesis, that there is a legal privity between the executrix and the administrator *de bonis non;* that the latter has succeeded to the right and title, and is therefore substituted to the duties and liabilities of the former. This hypothesis is not maintainable. Between the two administrations there is not such legal privity or connection, as to render a judgment against the executor binding on the administrator *de bonis non.* The title of an executor is derived from the will, and vests, in legal contemplation, from the moment of the testator's death, without regard to the time of probate. The administrator *de bonis non* derives his authority wholly from the grant of administration. The title of the executor extends to all the goods and chattels, rights and credits of the testator, at his death. The title of an administrator *de bonis non*, independent of statutory provisions, extends only to the personalty of the testator, remaining unadministered or unconverted by the executor. *Chamberlain* v. *Bates*, 2 Port. 550; *Nolly* v. *Wilkins*, 11 Ala. 872; *Abney* v. *Pickett*, 21 Ala. 739; *Whitworth* v. *Oliver*, 39 Ala. 286. The administrator *de bonis non* cannot, at common law, prosecute a writ of error, to reverse a judgment rendered against the executor; nor is a judgment recovered by the executor a bar to an action brought by an administrator *de bonis non* for the same cause. *Grout* v. *Chamberlain*, 4 Mass. 611; *S. C.* Ib. 612. He is not entitled to revive by *scire facias* a judgment recovered by the executor; and the reason given is, " he comes paramount the judgment, and is no party thereto." 1 Williams's Ex'rs, 766. At common law, therefore, it cannot be doubted a judgment against an executor is, as to the administrator *de bonis non*, *res inter alios acta.*

The question here involved was presented to the supreme court of Connecticut, in the case of *Alsop* v. *Maher* (8 Conn. 584); and it was held, that a decree of a court of chancery

[Graves's Administrator v. Flowers.]

against executors, for the payment of money, could not be made the foundation of a suit against an administrator *de bonis non.* In *Wilson* v. *Auld* (8 Ala. 842), this court considered a question involving the principle. Wilson obtained a judgment against Auld, as executor of one Viner. Pending the suit, Auld resigned as executor, and pleaded *puis darrien continuance* his resignation, averring the delivery of the assets to Huggins, his successor. To this plea the plaintiff demurred, and the demurrer was sustained, and a judgment rendered against Wilson. On this judgment an execution issued, which came to the hands of Huggins, the administrator *de bonis non,* as sheriff, for execution. If the judgment against Auld was binding on the administrator *de bonis non,* as a privy thereto, the execution was improperly issued to him, and was subject to be quashed. A motion to quash it was made, and was over-ruled, correctly as this court determined, because there was no privity between the executor and the administrator *de bonis non.* In the case of *McLaughlin* v. *Creditors of Nelms* (9 Ala. 925), the question was again presented. The estate was in process of settlement as an insolvent estate, under the statute of force prior to the act of 1843. The claims of various creditors were allowed, in proceedings to which the administrator in chief was not a party. The decree of allowance was against the administrator *de bonis non,* and was offered as evidence against his predecessor; and its admission was by this court declared erroneous, resting the decision upon the ground, that each administration was separate and distinct, and the acts or omissions of the one administrator do not bind or conclude the other. The court say further: " Neither the decree against Chandler (the administrator *de bonis non*), or any of its incidents, are of any force or validity whatever, for or against his predecessor. It is as to him *res inter alios acta.*"

The principle on which the question must be determined, was again considered, in *Rogers* v. *Grannis & Co.,* 20 Ala. 247. The suit was against an administrator *de bonis non,* on a promissory note, purporting to be made by the intestate. The pleas were *non est factum,* and *non assumpsit.* The plaintiff offered evidence of the admissions of the previous administrator, that the signature was genuine, and the debt just. He also offered evidence of judgments rendered against the previous administrator, founded on notes similarly executed. The admissions and the judgments were held inadmissible. In the subsequent case of *Thomas* v. *Sterns* (33 Ala. 137), the question was again considered; and on the ground of a want of legal privity between the two administrations, a judgment against the administrator *de bonis non* of a deceased debtor was declared not evidence of the debt, as against the admin-

[White *v*. Smith.]

istrator in chief, or his personal representative, in a suit in equity by the creditor to subject to its payment assets for which the administrator in chief had not accounted.

The statutes have enlarged the powers, duties, and liabilities of an administrator *de bonis non*. He is now authorized to call an administrator in chief to a settlement of his accounts, and to recover from him for a *devastavit*, as well as the assets remaining *in specie* in his hands. He is entitled to execution on judgments recovered by his predecessor. R. C. § 2285. Suits commenced by or against his predecessor, can be revived and continued by or against him. R. C. § 2284. These statutes are designed to expedite the administration of estates, the payment of the debts of the decedent, and a distribution to those entitled. We can discover in them no purpose to create a privity or connection between the two administrations, which would render the acts or admissions of, or judgments against the one administrator, binding on the other. The reasons prevailing at common law, for esteeming the judgment " *res inter alios acta*," are as potent for so esteeming it under the statutory provisions to which we have referred.

The circuit court erred, in ruling that the appellant was subject to suit on the judgments against the executrix. This error is fatal to the right of the appellee to recover, and it is unnecessary to consider the other questions the assignments of error present.

The judgment is reversed, and the cause remanded.