# Steele *et al.* *v.* Graves *et al.*

*Motion by Sureties on Administrator's Bond to Quash Execution.*

1. *Sureties on administrators' bond; nature of the right to have execution against.*—The right to have execution against the sureties on an administrator's bond, for the non-payment of a decree against him, is a statutory substitute for an action at law on the bond, and exists, after a return of "no property," against the administrator, only in those cases where such an action could be maintained.

2. *Same; execution against where there are two administrations on the estate.*—When an administrator resigns, and is re-appointed, giving a new and different bond, and decrees are rendered against him as administrator under the second appointment, and on a settlement of the second administration, no execution can issue on such decrees against the sureties on the first bond.

3. *Same; actions against where there are two administrations on the estate.*—In such a case, an action can not be maintained against the two sets of sureties jointly, for they have incurred no common or joint liability.

4. *Same; execution against quashed or corrected under facts of this case.* When, in such a case, executions are issued against the sureties on both bonds the Probate Court should, on motion, quash, or correct them by

[Steele et al. v. Graves et al.]

striking out the names of the sureties on the first bond, and failing or refusing to do so, this court will render a decree correcting and amending the execution by striking out their names.

APPEAL from Perry Probate Court.

HEARD before T. W. SPROTT, Register in Chancery; (the Probate Judge being incompetent to try the cause.)

This was a motion made by Elijah A. Steele and S. S. King to quash executions issued out of the Probate Court of Perry county in favor of H. C. Graves and others. These executions were issued against W. B. Modawell, E. A. Steele, Robert L. Steele, S. S. King, John Moore, and J. B. Cocke. The Probate Court refused the motion to quash, and its action in doing so is the error assigned. The facts are stated in the opinion of the court.

W. M. BROOKS, E. W. PETTUS, W. E. CLARKE, and J. F. VARY, for appellants.

J. H. STEWART, J. W. BUSH, and A. C. HOWZE, for appellees.

STONE, J.—W. B. Modawell was appointed administrator *de bonis non* of the estate of R. H. Hudson on the 15th day of July, 1865, and gave bond with Elijah Steele, Robert L. Steele and S. S. King as sureties. On the 13th day of February, 1871, W. B. Modawell resigned his said administration. On the 15th day of the same month—two days afterwards—the said W. B. Modawell was again appointed administrator *de bonis non* of the same estate, and gave a new bond, with J. B. Cocke and John Moore as his sureties. In May, 1878, W. B. Modawell, having previously filed his account current and vouchers, made a settlement. The heading of the account current is in this language: "W. B. Modawell, in account current with the estate of R. H. Hudson, deceased, for a settlement of his past administration from the date of his appointment as administrator *de bonis non* in 1865, to the date of his resignation on the 13th February, 1871, as amended, passed and allowed by the court, May 15th, 1878." On that settlement there was ascertained and decreed a balance of indebtedness against him, with interest computed up to February 13th, 1871, of $19,106.34. The decree rendered in that settlement contains this clause: "And the said administrator moves the court to make distribution of the said balance so found in his hands, as above, amongst the heirs and distributees of the said estate; which motion being refused by the court, the administrator excepted to

[Steele et al. v. Graves et al.]

the ruling of the court in refusing his said motion. And, it being shown to the court, by legal and satisfactory evidence, that the said W. B. Modawell did, on the 13th day of February, 1871, tender his resignation, as administrator of said estate, to this court, which resignation was accepted and ordered recorded and filed on that day; and it being further shown that said W. B. Modawell was duly appointed by this court, on the 15th day of February, 1871, administrator *de bonis non* of the estate of said decedent, and is, at this present time, such administrator of said estate by virtue of said appointment; it is ordered and decreed that said W. B. Modawell retain in his hands, as administrator *de bonis non*, as aforesaid, of said estate, the said sum of nineteen thousand, one hundred and six dollars and thirty-four cents, so found to be due on his said settlement of his administration of said estate from the time of his appointment, in the year 1865, to the 13th day of February, 1871; and that he, the said W. B. Modawell, charge himself as administrator *de bonis non* of said estate with said sum of $19,106.34, on his settlement of his administration of said estate, beginning the 15th day of February, 1871." There was no decree of distribution at this settlement.

On the same day—May 15th, 1878—W. B. Modawell proceeded to make another settlement. The heading of the account current, filed for this second settlement, is in the following language: "W. B. Modawell, administrator *de bonis non* of R. H. Hudson, deceased, in account for final settlement of said estate, as stated, amended, passed and allowed by the court, this 15th day of May, 1878." The first debit charged is the amount of the former decree, $19,106.34, with interest on said sum from February 15th, 1871, to May 15th, 187—8$11,127.44. The account current contains other debits for collections, and credits for disbursements after February 15, 1871. The balance ascertained against the administrator on this settlement was $28,156.65. The decree then proceeded to distribute this fund, and decrees were rendered in favor of the several distributees for their several distributive interests, after charging them severally with partial distributions which the administrator had made before settlement. The sum of these decrees is more than double the amount of the penalty of the second bond.

It will be discovered from what is shown above, that the two administrations are treated as distinct, and that in decreeing on the final account of the second administration, the administrator is charged with the balance found against him on the first settlement, as for a collection by the second, of and from the first administration. This was clearly per-

[Steele et al. v. Graves et al.]

missible, and neither the administrator nor his sureties on the second bond, could gainsay such liability. Probably the distributees were not bound to accept and treat the re-appointment as an extinguishment of the liability of the sureties on the first bond. Possibly they had the option to proceed against one or the other set of sureties, for any default, or devastavit committed during the first administration. *Whitworth v. Oliver*, 39 Ala. 293 ; *Seawell v. Buckley*, 54 Ala. 592 ; *Modawell v. Hudson*, 57 Ala. 75. The question before us now is, however, circumscribed. The second administration is charged with having reduced all the assets to possession. The decrees of distribution were all rendered in the settlement of the second administration. They were rendered against W. B. Modawell, as administrator under the second appointment. The right to have execution against the sureties is statutory.—Code of 1876, section 2619. It is a substitute for a suit on the bond, for non-payment by the administrator of the decree against him. Hence, an execution can not be issued against the sureties, on a return of no property found against the principal, except in those cases in which an action at law could be maintained on the bond. See *Kirby v. Anders*, 26 Ala. 466 ; *Little v. Heard*, 16 Ala. 358; *Lamkin v. Heyer*, 19 Ala. 228 ; *Poacher v. Weisinger*, 20 Ala. 102.

Applying the principles stated above to this case, the following propositions would seem to result necessarily : First, no execution can go against the sureties on the first bond, for they are not sureties for the administration, in which the decrees were rendered. Second, no action could be maintained against the two sets of sureties jointly, for they have incurred no common, or joint liability. The bonds are different in dates, and the penalty of the first is many times greater than that of the last. The Probate Court should have quashed or corrected the execution, so far as it related to the sureties on the first bond. And, proceeding to render the judgment the Probate Court should have rendered, it is ordered and adjudged that the executions be amended by striking therefrom the names of Elijah Steele and S. S. King.

Reversed and rendered.