# Bobo *v.* Gunnels.

### *Motion for Revivor of Judgment.*

1. *Judgment against administrator; revivor against his successor.* There is no statute which authorizes a judgment against an administrator in chief to be revived against a succeeding administrator *de bonis non.*

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. LEROY F. BOX.

On Feb'y 4th, 1882, the appellee, D. P. Gunnels, obtained a judgment against one Solomon Bean, as the administrator of the estate of D. E. Hawkins, deceased; and on this judgment execution was issued, to be levied on the goods, chattels, lands, &c. of said D. E. Hawkins, deceased; but was returned not satisfied. In December, 1882, the said Solomon Bean removed from the State, without making a final settlement of his administration of the estate of said Hawkins, deceased. After the said Bean had been gone from the State for several years, the appellant J. E. Bobo was appointed administrator *de bonis non* of the estate of the said Hawkins, deceased. After serving the proper notice, the said Gunnels made a motion in the Circuit Court of Calhoun, in which court the former judgment had been recovered, to revive his said judgment against the said Bobo, as said administrator *de bonis non* of the estate of said Hawkins, deceased. Upon a hearing of the motion, the court granted it, and ordered the judgment revived against the said Bobo, as administrator *de bonis non* of the estate of D. E. Hawkins, deceased. This appeal is prosecuted by the said Bobo, as administrator *de bonis non;* and the judgment rendered by the court is assigned as error.

MATTHEWS & WHITESIDE, for appellant, cited *Bean v. Chapman*, 73 Ala. 140; *Martin v. Ellerbe*, 70 Ala. 341; *Graves v. Flowers*, 51 Ala. 402; 2 Brick. Dig. p. 138.

STONE, C. J.—Our decisions have uniformly held that there is no privity between an administrator in chief and the administrator *de bonis non.*—*Martin v. Ellerbe*, 70 Ala. 326, 341, and authorities cited; *Graves v. Flowers*, 51 Ala. 402; Freeman on Judgments, § 163. Our statutes, however, have made some changes in the law defining the powers and liabilities of the administrator *de bonis non*, but they do not affect the case before us. A judgment against an administrator in chief can not, under our statutes, be revived against the administrator *de bonis non*. There is no statute authorizing such a revivor.—Code of 1886, §§ 2280, 2606, 2923, *et seq.; Kirby v. Anders*, 26 Ala. 466; *Hurst v. Williamson*, 42 Ala. 296; Freeman on Judgments, §§ 44 *et seq;* 12 Amer. & Eng. Encyc. of Law, 150f, *et seq ; Bean v. Chapman*, 62 Ala. 58; *Same v. Same*, 73 Ala. 140.

Whether the plaintiff has any recourse against the administrator *de bonis non*, or whether he must proceed against the administrator in chief and his sureties, it is not for us to determine at this time. Enough for us that he is not entitled to the remedy he seeks.

In the case of *Graves v. Flowers*, 51 Ala. 402, it was decided that a judgment against the personal representative in chief did not supply a cause of action, on which a suit could be maintained against the administrator *de bonis non*, nor could such judgment be used as evidence in the second suit. We withhold our opinion on that question, and will treat it as an open one should it again come before us.

The judgment of the Circuit Court is reversed, and a judgment here rendered quashing the *scire facias*, at the cost of Gunnels, the mover.

Reversed and rendered.