# Passmore, Admr. *v.* Ellington, *et al.*

*Summary Proceeding in Court of Chancery against Administrator de bonis non.*

1. *Summary proceeding in chancery; inherent power to deal summarily with parties to pending suit.*—Where a court of chancery has acquired jurisdiction of the subject matter and the parties to a pending suit, there exists an inherent power in the court to deal with the parties thereto by summary process.

2. *Same; court can not render summary judgment against person who has not been made party to pending suit; administrator de bonis non.*—Where pending a suit in chancery, the party defendant dies, and upon the suit being revived against her administrator, a decree was rendered against him, and subsequently, after his resignation, an administrator *de bonis non* is appointed, but he is not made a party to the pending suit, either by bill of revivor or by amendment under rule of chancery practice (Code, p. 1224, Rule 103), the court is without jurisdiction to proceed against such administrator *de bonis non* on motion of the complainants for a summary judgment because of his failure to follow the direction of the decree rendered against the administrator in chief as to the disposition of certain assets of the decedent's estate.

3. *Same; same; when filing petition does not make petitioner party to suit.*—In such case, the fact that the administrator *de bonis non*, upon the receipt of payment of a purchase money note, which was a subject matter of the pending litigation, filed a petition in the case suggesting that the purchaser had paid the outstanding note and was entitled to a deed to the land previously sold to him by decedent, did not make the administrator *de bonis non* a party to the pending suit, so as to confer the power and authority upon the court to proceed summarily against him.

APPEAL from the Chancery Court of Barbour.

Heard before the HON. A. H. MERRILL, Special Chancellor.

The facts of the case are sufficiently stated in the opinion.

S. H. DENT, Jr., for appellant.—A summary judgment rendered against an administrator *de bonis non* can not be sustained. A person who is not a party to the pending suit can not be proceeded against summarily in said suit. Passmore, as administrator *de bonis non,* had *never* been made a party to the pending litigation. Therefore, the judgment was unauthorized.—*Hatchett v. Billingslea,* 65 Ala. 29; 13 Amer. & Eng. Encyc. of Law, 877, n. 1; Story's Eq. Plead., 342, 364, *et seq.; Graves v. Flowers,* 51 Ala. 402; *Martin v. Ellerbee,* 70 Ala. 326; *Rogers v. Grannis & Co.,* 20 Ala. 247.

G. L. Comer, *contra.*—Passmore, as administrator *de bonis non,* voluntarily made himself a party to the pending suit, by filing his petition therein, reciting that the purchase money note given for lands sold by the deceased had been paid, and that the purchaser was entitled to a deed conveying said lands. This gave the court the right to proceed against him summarily.—1 Story's Eq., § § 407, 408; *Murray v. Hunt,* 1 Johns. Chan. 566; *Bolling v. Carter,* 9 Ala. 921; *Center v. The P. & M. Bank,* 22 Ala. 757.

DOWDELL, J.—The appeal in this case is taken form a decree of the chancery court based upon a motion for a summary judgment against the appellant, M. L. Passmore, as administrator *de bonis non* of the estate of Nancy John, deceased. Passmore's answer to the motion for a summary judgment was a plea to the jurisdiction of the court to entertain the motion and render summary judgment thereon against him. A demurrer was sustained to this answer, the motion was granted and a decree of reference ordered to ascertain the amount of Passmore's indebtedness to the movants, by reason of certain collections made by him as administrator *de bonis non* on certain notes, the proceeds of which belonged to movants; and subsequently on the report of the register a final decree was rendered against said Passmore as such administrator *de bonis non* and in favor of movants. The validity of these proceedings in the chancery court depends upon the power and authority of the court to proceed summarily against Passmore, and this must be determined upon one of two propositions, to-wit, statutory authority, or the inherent right in the court to deal with parties to the suit by summary process; and the later proposition involves the inquiry as to whether Passmore was a party to the suit.

It is not insisted that the proceedings in the chancery court are authorized by any provision to be found in the statute, but it is argued by appellees that the proceedings had in the chancery court were authorized by virtue of the inherent right and power resting in the court over parties and their privies, to enforce the execution and

performance of its decrees. And in this connection, it is, also, insisted by appellees, that Passmore, as administrator *de bonis non* of Nancy John, was and is a party to the suit, in which the motion for a summary judgment was made.

The suit in which this motion was made against Passmore, was commenced by bill filed in the chancery court of Barbour county, by the appellees against Nancy John. Pending this suit Nancy John died intestate, and letters of administration on her estate were issued by the probate court of Barbour to one Sandy Martin, then sheriff of said county, and who administered by virtue of his said office as sheriff, and against him as such administrator the suit was formally revived. Upon the expiration of the term of office of said Martin as sheriff, letters *de bonis non* on said estate duly and regularly issued to G. T. Long, his successor in the office of sheriff, who, also, administered on said estate by virtue of his office as sheriff. Long, as such administrator *de bonis non*, was formally made a party to the suit by revivor. In this condition of the case, a trial was had and a consent decree was rendered in the chancery court. The *res,* or subject matter of the suit, was real estate. By the decree, the land was ordered to be sold for part cash, and part on credit, the purchaser to give notes for the deferred payments, and title to be made to the purchaser upon payment of all the purchase money. The decree directed the application of the proceeds of sale, both as to cash and credit payments. The execution of the decree as to the sale of the land and collection of the purchase money, by its terms, was committed to Long as administrator *de bonis non.* Long sold the land in accordance with the directions contained in the decree, and otherwise executed the same in pursuance to its terms as to the collection of the purchase money and its application, except as to the last credit payment of four hundred dollars, his term of office as sheriff having expired before this payment was made. For this sum Long had taken the purchase money note of the purchaser payable to him, Long, as the administrator *de bonis non* of Nancy John, which was in accordance with the directions contained in the decree.

Passmore succeeded Long as sheriff of said county, and by virtue of his said office letters *de bonis non* were duly and regularly issued to him by said probate court, as successor to Long. The note in question was turned over by Long to his successor in office, Passmore. The original consent decree had never been enrolled, and the same had been lost out of the file when Passmore came into office. Passmore collected the note, which on its face was made payable to Long as administrator of the estate of Nancy John, deceased, and upon a final settlement by him of his administration, treating the note as an asset of the estate which he was administering, paid out the money under the orders of the probate court to the distributees of the estate of said Nancy John, which was contrary to the provisions contained in said consent decree; the proceeds of said note by the terms of said decree being the property of appellees, who were the complainants in the original bill, and the movants in this proceeding.

So far as the record discloses Passmore's conduct and actions in dealing as he did with the money collected by him on the note, was the result of ignorance on his part of the provisions of the consent decree. It is not pretended that he knowingly and intentionally interfered with and prevented a proper execution of the consent decree. Indeed, there is nothing in the record to indicate that the parties in this proceeding, contemplated in a resort to a motion for summary judgment, a proceeding to punish for contempt. Nor was it so understood and considered by the chancery court, as the course of conduct of Passmore was not characterized with intents that would invoke punishment for contempt at the hands of the court. If, however, Passmore was a party to the suit, and the court having jurisdiction of the person and the fund in question, we think there can be no doubt of the inherent power and right in the court to deal summarily with the person, that is, as was done in this case, to enter judgment and order execution thereon, for the funds misapplied or diverted contrary to the orders of the court, whether done by mistake or through ignorance.

This brings us to the pivotal question in the case: Was Passmore at the time of the motion made for a summary judgment against him, a party to the suit?

In a suit in equity, as to defendant parties, only those against whom process is prayed, are made parties.— Story's Eq. Pl., § 44; 1 Daniel Ch. Pr. 287; *Bondurant v. Sibly's Heirs,* 37 Ala. 565; *Walker et al v. Hallet,* 1 Ala. 379; *Lucas v. Bank of Darien,* 2 Stew. 280. Upon the death of a defendant, or in cases where the rights of a defendant become vested in another by operation of law, in the former the legal representative, and in the latter the successor to the rights in office, are made parties by bill of revivor, or by amendment on suggestion under the rule of chancery practice in this State.—Code, 1896, p. 1224, Rule 103; Story's Eq. Pl., § § 342, 364-370 *et seq.* It is sometimes the case that a person may come in by petition and be made a party, or by intervention, but even then, he is not a party, until made so by the order of the court. In the present case Passmore as administrator *de bonis non* was never made a party to the suit by bill of revivor or on suggestion under rule 103 of our chancery practice.

It is contended, however, that Passmore voluntarily made himself a party to the suit, by filing a petition in the cause upon which the court acted. The petition filed by Passmore was but a suggestion that the purchaser had complied with the terms of sale by payment of the purchase money and was, therefore, entitled to a deed to the land. This petition could as well have been filed by the purchaser as by Passmore, but it would hardly be contended that the filing of the petition by the purchaser would have made the purchaser a party to the suit. The petition simply furnished the court with the evidence of a fact prerequisite for an order to execute a deed to the purchaser. There was no privity between the administrations of Long and Passmore. Passmore was as much a stranger to the suit after grant of letters to him, and until made a party by revivor, as he was before grant of letters.—*Martin v. Ellerbee's Admr.,* 70 Ala. 326; *Graves' Admr. v. Flowers,* 51 Ala. 402; *Rogers' Admr. v. Grannis & Co.,* 20 Ala. 247.

Our conclusion is, that Passmore was not a party to

the chancery suit, and the court was without jurisdiction to proceed against him on motion for a summary judgment.

We have pretermitted all inquiry as to the question of liability *vel non* on the part of Passmore for the money collected and paid out by him, contrary to the provisions of the consent decree. Having determined that the court was without jurisdiction to render the summary judgment, any opinion we might express upon the question of liability, would be nothing more than dictum.

The decree of the chancery court is reversed, and a judgment here rendered dismissing the motion for a summary judgment.

Reversed and rendered.