HOSEY, adm'r, *vs.* BRASHER.

1. Letters of administration are but evidence of authority, and an administrator may act without them, if the records of the court shew his appointment.

2. Where an order of the Orphan's court is made, requiring a de fendant to appear in court, enter into bond, and take the necessary oaths as administrator; and in an order of publication, eighteen months afterwards, he is recognised as administrator: it will be intended that he complied with the previous requisitions, and took upon himself the administration.

3. *It appears*, that the law does not require either the bond or oath of an administrator to be recorded.

[4. In England, an examined copy of the act-book, stating that letters of administration have been granted to a defendant, is proof that he is administrator—although no notice was given to produce the letters of administration.]

Error to Talladega Circuit court.

Assumpsit against an administrator, tried by Judge *Martin.*

The plaintiff in error was sued in the Circuit court of Talladega, as the administrator of James Brasher, senior, deceased, and pleaded (among other pleas) *ne unques administrator.* To disprove this plea, the defendants gave in evidence, a regularly certified transcript of the record of the Orphan's court of Talladega; from which it appeared, that the plaintiff applied for letters of administration on the estate of James Brasher, senior, deceased; that notices were issued according to law to the next of kin, to show cause why the application should not be

Hosey, adm'r, *vs*. Brasher.

granted—which notices having been served, and no cause shown, that court, on the first of September, eighteen hundred and thirty-four, ordered that letters of administration be granted to the plaintiff. On the same day, the court made an order of appraisement and sale, and that the plaintiff give bond, &c.

In April, eighteen hundred and thirty-six, the judge of the court made an order, requiring publication to be made in a newspaper for forty days, that the plaintiff would on the first Monday in June thereafter, present his accounts and vouchers, for allowance and final settlement, &c.

This is an abstract of all the evidence introduced, to show that the plaintiff was administrator, as charged by the defendants. The judge of the Circuit court determined that it was admissible; and on motion of the plaintiff's counsel for that purpose, refused to instruct the jury, that it was not sufficient proof of his being administrator.

*Chilton*, for plaintiff in error.

*Phelan*, contra.

*Phelan*, for defendant, thought the evidence was proper and competent, and proved that plaintiff in error was administrator, without notice to produce his letters—(2 Starkie's Ev. 553, and the authorities there cited. 1 Saunders' P. & E. 504; 8 East, 187; Butler's N. P. 246; 2 M. & S. 567.) Hence the refusal of the court to charge as requested, or to reject the evidence, was proper. The other matters appended to the order, granting letters, could not vitiate the order.

COLLIER, C. J.—The admissibility of the evidence, and the charge of the court, presents the only question for our decision.

Our statutes certainly contemplate the issuance of letters of administration, to the person appointed administrator, yet, as the letters are but evidence of his authority, he might act without them, if the records of the court show his appointment, &c.

Whether a person appointed administrator, may be allowed to exercise his office, until he has been qualified by taking the necessary oaths, and entering into bond with sureties, is a question which does not necessarily arise in the present case. The transcript contains an order made the first of September, eighteen hundred and thirty-four, requiring the plaintiff to appear in court, and enter into bond and take the necessary oaths. And as he is recognised in the order of publication, of April, eighteen hundred and thirty-six, as administrator, we should intend that he complied with the previous requisitions of the court; the more especially, as the law does not require either the bond or oaths to be recorded.

It has been held, in England, that an examined copy of the act-book, stating that letters of administration were granted to the defendant, are proof that he is administrator, although no notice was given to produce the letters of administration—(See 1 Starkie's Evi. 248; 1 Saunders on Pl. & Evi. 504; Elden vs. Keddell, 8 East's R. 187; Davis vs. Williams, 13 East's R. 231; Gorton vs. Dyson, 1 B. & B. Rep. 219.) By the admission of the evidence in the case at bar, no injury could possibly result to the plaintiff;—if he had declined accepting or acting.

under the grant of administration, there could be no difficulty in showing it. In the absence of any such countervailing proof, the court should not have instructed the jury that the evidence was insufficient; and consequently, the judgment must be affirmed.