## ESLAVA v. ELLIOTT, adm'rx.

1. The entry of record in the Orphans' court, that administration of an estate has been granted, is conclusive to show that all the prerequisites of the law have been complied with. In a suit therefore, against an administrator, he will not be permitted to contradict the record of the grant of administration to him, by proving that the bond required by law, was not executed until afterwards, and that the official oath was not then administered.

2. When an entry of record in the county court does not show the time when it was made, and the *date* is afterwards ascertained by a judgment *nunc pro tunc*, it is not admissible to contradict this date, by proving the dates of the entries on the same record, immediately preceding and succeeding it.

Error to the Circuit Court of Mobile.

Assumpsit, by the plaintiff against the defendant in error.

This cause had been before this court previously. [3 Ala. Rep. 568.] Upon being remanded the defendants pleaded a plea in the following words: " and the said Margaret Elliott, for a further plea in this behalf, says *actio non*, because she says, that at the time of the suing out of the plaintiff's writ in this case, she was not, and is not, the administratrix of said Elliott's estate, but that one Frederick S. Blount, was then, and is now the administrator *de bonis non*, of said estate, and this she is ready to verify. Issue was taken on this plea, and a verdict and judgment for defendant.

Upon the trial, the plaintiff gave in evidence to the jury, a certified copy of the administration bond of the defendant, bearing date the 27th March, 1839, and also a certified copy from the minutes of the Orphans' court, for Mobile county, in the following words:

" In the matter of the estate { Orphans' court, Mobile county, of John Elliott, deceased.    {       December 26, 1841.

It appearing to the satisfaction of the court that an order granting letters of administration *de bonis non*, of the estate of John Elliott, deceased, on the 7th of March, 1839, was made, and that the clerk then neglected to enter said order on the minutes of the court. It is ordered that the same be now entered *nunc pro tunc*." The said order was made at the time it bears date, *exparte* on motion of the plaintiff's attorney.

The defendant gave in evidence, an entry on the minutes of the Orphans' court, which reads thus: "This day came Margaret Elliott, and applies for letters of administration on the estate of John Elliott, deceased, in place of Frederick S. Blount, resigned, which is granted, on her entering into bond with William R. Hallet and Robert L. Walker, her sureties, in the sum of twenty thousand dollars. Ordered, that Cornelius Rain, C. Hobbs and Abner S. Lipscomb, be appointed appraisers of the estate of John Elliott, deceased." This order was without date, but the date of the order preceding it on the same page was the 27th of June, 1839, and of the one immediately succeeding it, the 27th of May, 1839. The plaintiff objected to the evidence of these dates going

to the jury, but the court admitted the evidence, and the plaintiff excepted.

The defendant also offered one or more witnesses to prove that the administration bond, although bearing date 27th March, 1839, was not in fact then executed, and that the defendant had not taken out letters of administration until long after said date, and at a period subsequent to the bringing of this suit. To this parol testimony plaintiff excepted, but it was admitted by the court.

The court charged the jury, that if they believed from the evidence, that the defendant had qualified as administratrix before the bringing of this suit, they must find for the plaintiff, otherwise for the defendant.

The assignments of error present the matters of law arising out of the bill of exceptions.

ADAMS, for plaintiff in error.
STEWART, contra.

ORMOND, J.—The issue presented to the jury upon the informal plea in this case is, whether the defendant was administratrix at the time the writ was sued out.

The plaintiff, to maintain the issue on his part, offered a transcript of the record of the Orphans' court of Mobile county, showing a grant of administration on the estate of John Elliott, deceased, made to the defendant previous to the commencement of this suit. The letters of administration which the court grants, are merely the evidence of the authority conferred on the administrator by the grant of administration, there is therefore no necessity, in a suit against the administrator, to prove that they have issued, but it will be sufficient to prove the grant of administration. [Elden, adm'r, v. Kendall, 8 East, 187, and Hosey, adm'r, v. Brasher, 8 Porter, 559.]

The statute on this subject, [Aik. Dig. 177,] makes the execution of the administrator's official bond, and his oath a prerequisite to the grant of administration; he cannot, therefore, in a suit against him be heard to say that these conditions, on which alone the grant can lawfully be made, have not been performed. By the grant of administration, he acquires the control over the personal property of the deceased, and it would be of most pernicious tendency if he could be allowed to dispute the validity of the act by which he obtains his title.

The evidence offered by the defendant was, that the official bond was not executed until after the time, when by the record of the county court, it appears the grant was made, and not until after this suit was commenced; and that letters testamentary had not *then* issued. This testimony, for the reason already stated, was improperly admitted, as its tendency was to prove the non existence of those acts, at the time of the grant, without which no grant of administration could lawfully be made, and by necessary consequence, to contradict the record.

It appears that when the grant of administration was made, the *time* when it was granted, was not inserted in the record of the grant in the county court. This omission has been rectified by a judgment of that court entered *nunc pro tunc*. Assuming, as we must do, in this case, that this judgment was regular, it is of the same validity as if the date had been inserted when the grant was made. The evidence, therefore, which the court permitted to go to the jury of the date and entry preceding, and of that following the entry of the grant to the defendant, was wholly inadmissible, as its direct tendency was to contradict the record. The inference intended to be drawn, and which doubtless was drawn by the jury, was that the date assigned to the grant by the judgment *nunc pro tunc,* was wrong, from its position on the records of the county court in reference to other entries on the same page. This was directly calling in question the truth of the record, and therefore inadmissible.

If the administratrix in this case had declined acting on the grant made to her, and had never exercised any control over, or meddled with the estate of the deceased, the question would be entirely different from that now presented. For the error of the court as shown in this opinion, the judgment must be reversed, and the cause remanded.