## THOMPSON v. BONDURANT AND KING.

1. Where there is judgment against two, or more, and one defendant dies before execution issued, it may be issued against all, but can be levied on the goods of the survivors only.

2. To authorize the issue of execution against the surety of an administrator, the bond of the administrator, rendition of a decree against him, the issue of execution against him, and return of no property thereon, must appear of record before the bond can have the force and effect of a judgment. If any of the sureties to the bond die before all these facts appear of record, no statute judgment can be rendered against them.

3. Where an execution issues against the sureties of an administrator, some of whom were dead before the statute judgment was rendered, the court should not quash the execution for this cause, but amend, by striking out their names.

4. When a sheriff is appointed administrator, and assumes to act under the order, by receiving the assets, he is estopped from denying that he is administrator, though letters of administration were not issued to him.

Error to the County Court of Marengo. Before the Hon. James A. Young, Judge.

An execution issued on the 27th day of May, 1846, in favor of Sarah Thompson, the plaintiff in error, from the orphans' court of Marengo, against James M. Bondurant, late sheriff of said county, and by virtue of his office, administrator *de bonis non* of Nicholas Thompson, deceased, on a decree rendered against him, in favor of the plaintiff in error, as one of the distributees, for $272; which decree was rendered on the second day of February, 1846.

On the 9th day of July, 1846, the sheriff returned the exe-

cution no property found. On the 25th day of September, 1847, an execution was issued against his securities, as sheriff, on his official bond, reciting the decree, and the return, and commanding, that the amount of said decree be made out of their goods, &c. On the 6th of October, 1847, a motion was made to quash the execution, on the following grounds:

1. That David Curry, Austin Eskridge, John Rains, and Charles P. Lee, who were joint securities of Bondurant, as sheriff, with King, died before the rendition of said decree.

2. Because they died before the issuance of the execution against Bondurant.

3. Because they died before the issuance of this execution.

4. Because no execution was issued against these, defendants, until more than a year and a day had elapsed from the time the decree was rendered.

5. Because no execution had issued for more than a year and a day from the time the execution was returned no property.

6. Because the cause of action against Bondurant did not accrue within six years before the rendition of said decree.

7. Because the liability against Bondurant did not accrue within six years before the issuance of the execution against them.

8. Because, in said decree, Bondurant was charged with more than came to his hands as administrator.

9. Because assets to the amount of the decree, never came to his hands.

10. Because the distributive share of the plaintiff, did not amount to as much as the decree rendered in favor of the plaintiff.

11. Because the said Bondurant was not administrator of the estate of said Nicholas Thompson, deceased.

12. Because the said Bondurant was charged with the sum of $272, being the amount of a promissory note given by the plaintiff, for the purchase of property of the estate, and which had not been collected.

The plaintiff, waiving all objections to the form of these allegations, as grounds to quash the execution, by way of demurrer, insisted, that the first, second, third, fourth, fifth,

sixth, seventh and twelfth grounds, alledged by the defend-
ants, were insufficient in law to authorize the court to quash
the execution; and also moved the court to strike out the
eighth, ninth and eleventh allegations.

The court overruled the motion to strike out the eleventh
plea, but struck out the eigth, ninth and tenth; and also over-
ruled the demurrer to the first, second and third; but sus-
tained the demurrer to the fourth, fifth, sixth, seventh and
twelfth pleas of the defendant. Issue was then taken by the
plaintiff on the eleventh, a trial was had, and the court
quashed the execution.

The testimony introduced by the plaintiff, was an order of
the orphans' court, as follows: At an orphans' court, held
on the first Monday of January, 1836, it is ordered, that let-
ters of administration issue to James M. Bondurant, sheriff
of Marengo county, on the estate of A. W. Thompson, de-
ceased; and also the decree, on which the execution against
Bondurant issued.

It also appeared from the minutes of the orphans' court,
that in 1834, letters of administration on the estate of
Thompson, issued to David Dunlap, who afterwards resigned,
and settled with the court; and that James M. Bondurant,
who was then sheriff of Marengo county, was appointed ad-
ministrator *de bonis non*, and the notes and accounts in the
hands of Dunlap, uncollected, were delivered over to him.

In August, 1838, the term of Bondurant's office as sheriff
expired. He was succeeded by David Curry, and after his
term of office expired, Dubose was elected sheriff. Neither
Curry nor Dubose ever were appointed administrator by vir-
tue of their office, but Dubose undertook to perform the du-
ties of administrator, by virtue of his office, and in 1843,
made a settlement of the effects that came to his hands, be-
longing to the estate. In March, 1845, citations were issued
to Curry and Bondurant, to make final settlement. Curry
appeared, and denied he had ever been appointed, or had re-
ceived any effects by virtue of his office. Bondurant did not
appear, and an account was stated against him, charging him
with the amount of the notes and accounts delivered to him,
and with the rent of land, for the years 1836 and 1837. On
the day the final decree was rendered, Bondurant appeared

and contested the accounts, and also insisted that there was no resignation of Dunlap on file ; but there was an account on file, in which he was described as late administrator. It was also shown, that Bondurant, as administrator, receipted for notes and accounts, and collected some money; but no letters of administration were in fact issued to him, in pursuance of the order of the court in 1836.

The court quashed the execution, and to reverse the judgment quashing the execution, this writ of error is taken.

MANNING, for plaintiff in error.

The court will observe that the issues in the court below were formally tendered by allegations or pleadings in writing, filed by defendants in error, and upon which, issues in fact or in law were taken. To those issues, therefore, they are restrained. If the court below erred upon them, they are the cause of its errors, and ought to be visited with the consequences. It is not expected, when the actors in a proceeding present their issues in the most formal mode known to the law, that the adverse party will prepare the case upon other points that might possibly be raised, although he were fully able to defend them by proof. To let them go out of the questions thus formally made, and that after the case comes to the supreme court, is not only giving to it original jurisdiction upon those new questions, but would enable parties to take most unjust advantages, and to involve their adversaries in undeserved costs in this court.

The county court for orphans' business, is established for the very purpose of taking care of the interests of infants and distributees, and all intendments in relation to its proceedings should be made in their favor.

BROOKS & BYRD, contra.

1. An execution cannot regularly issue on a judgment against joint debtors where one has died, without suggesting the death upon the roll. Cawthorn v. Knight, 11 Ala. 579.

2. After the execution has been returned no property found against the administrator, the plaintiff must issue an execution forthwith within a year and a day thereafter, or on motion it will be quashed. Ibid.

3. No execution can issue against the sureties of a sheriff on the bond, as an administration bond, but the statute provides that it may be sued upon. Clay's Dig. 222, § 10.

4. Where any of the sureties to the bond are dead at the time of the decree against the sheriff as administrator, or where any of them are dead at the time of the return of "no property found" against the administrator, it is irregular for an execution to issue against them; for it is only in cases where any of the parties to the judgment die after judgment, that a suggestion of death upon the roll can be made, and execution issued. Woodcock v. Bennet, 1 Cowen, 711; Holloway v. Johnson, 7 Ala. 660.

6. Letters of administration are necessary to perfect the appointment of an administrator, and as he had not the authority to collect the debts, his sureties are not liable for the loss occasioned by the neglect or refusal of the orphans' court to issue letters. Williams on Ex'rs, 239, 396.

7. If the court is of opinion that the court below quashed the execution for a wrong reason, still, if from the record it appears that the execution should have been quashed, this court will not reverse the judgment, and as the execution was improperly made returnable to the orphans' court, instead of the county court, the court below should have quashed it. Abercrombie v. Chandler, 12 Ala. 829.

DARGAN, J.—The defendants alledged twelve grounds, called pleas in the record, why the execution should be quashed. The plaintiff, by way of demurrer to some, and by motion to strike out others, insisted, that all of them were insufficient to authorize the court to grant the motion. The court decided them all to be insufficient *to quash the execution*, except the first, second, third, and eleventh pleas; these were decided to be sufficient in law to quash the writ.

The plaintiff then took issue on the eleventh plea, but not on the first, second, and third. It seems that a trial was had on this issue, and the proof introduced in support of this plea, and also to prove it untrue in fact, is made part of the record by the bill of exceptions.

The court granted the motion, and quashed the writ, and therefore, to determine whether the court erred, or not, we

must examine the legal sufficiency of the first, second, and third grounds alledged by way of pleas, and also must determine whether the evidence shows the eleventh plea, to be true in fact.

The first ground alledged by way of plea, is, that Curry, Eskridge, Rains, and Lee, four of the securities of Bondurant, as sheriff, died before the final decree of the orphans' court was rendered against him ; and as the execution purports to be issued against these, as well as against the other securities, there is no judgment to support it.

The rule of practice is well settled, that if a judgment be rendered against two, or more, and one defendant dies before execution is issued, it may be issued as against all the defendants, but can be levied on the goods of the survivors only, and is in fact an execution against them alone ; but as it corresponds with the judgment, it is regular, and cannot be quashed.   3 Bibb's Rep. 334 ; Davis v. Helm, 3 S. & Marsh. 17.   But an execution must follow, or correspond with the judgment as to the parties, and if issued against two, but the judgment is rendered against one. alone, the execution will be quashed.   2 J. J. Marsh. 137.

Guided by these rules, it is only necessary to determine, whether the bond, on which the execution issued, had the force and effect of a judgment against all the securities, against whom the execution purports to have been issued.

When a final decree has been rendered in the orphans' court in favor of a distributee, against an administrator, and an execution has been issued thereon, and returned no property, the bond given by the administrator, has the force and effect of a judgment, and execution may issue against all the obligors.   Clay's Dig. 304.   The bond, the rendition of the decree against the administrator, the execution, and the return thereon, no property by *the sheriff*, are the *matters of record constituting the judgment ;* and all the facts must appear of record, before the bond can have the force and effect of a judgment ; and if one of the securities to the bond die, before all these facts appear of record, the bond can not have the force and effect of a judgment against him ; because no judgment can be rendered against one, not *in esse*, And if the bond did not have the force and effect of a judg-

ment against these securities, at the time of their death, nothing subsequent to their death, could give it the effect of a judgment against them. As the first plea shows the death of these four securities before the decree even, was rendered against Bondurant, it shows that there was no judgment against them at the time of their death, and consequently the execution does not correspond with the judgment as to parties. But instead of quashing the execution, because it did not correspond with the judgment, as to parties, it was the duty of the court to have amended it, by striking out the names of those against whom the bond did not have the force and effect of a judgment, during their life. Cawthorn v. Knight, 11 Ala. 579; Sheppard v. Melloy, 12 Ib. 561. The court therefore erred in holding the first, second and third grounds, alledged, sufficient in law to quash the execution.

The eleventh ground alledged, why the execution should be quashed, is, that Bondurant was not administrator. The evidence shows that Dunlap had been appointed administrator in chief, who settled his accounts, and resigned, but no resignation in writing was found of record.

The minutes of the orphans' court, show an order, directing letters of administration to be issued to Bondurant, as sheriff. It was shown that he was sheriff, and under this order received the notes, and accounts, that had been collected by Dunlap, and gave his receipt for them as administrator. In the case of Henry v. Brasher, 8 Porter, 559, it is said, that "letters of administration are but the evidence of the authority of the administrator, and he may act without them, if the record shows his appointment."

We think it clear, that if the orphans' court orders letters of administration to issue to one, and he complies with the statute, by giving bond, and then assumes to act as administrator, that neither he, nor his securities can object, when sued on their bond, that letters in fact did not issue to him. As Bondurant was sheriff, he was not required to give a new bond. His official bond as sheriff, became his bond as administrator, and as he assumed to act, under the order of the orphans' court, as administrator, and received the assets not administered by the administrator in chief, giving his receipt

for them as administrator, he is estopped from denying that he was administrator.

These are the only questions we can examine on this record, and our conclusion, is, that the court erred in quashing the execution, but should have overruled it, so that it might correspond with the judgment as to parties.

Let the judgment be reversed, and the cause remanded.