## SMELSER vs. DRANE.

19 245
111 654

1. Parol evidence is inadmissible to prove an execution, unless its loss or destruction is first proved, or its absence accounted for, or a transcript of the record containing it produced.

ERROR to the Circuit Court of Lawrence. Tried before the Hon. S. C. Posey.

THOS. M. PETERS, for plaintiff in error :

1. When the plaintiff, in such actions as this, rests his title upon a sheriff's or marshal's deed, he must show as a proper foundation of his title, a judgment, execution thereon, a levy and the sheriff's or marshal's deed.—Ware v. Bradford, 2 Ala. 676; Wheaton v. Sexton, 4 Wheat, 503.

2. The court below ought therefore to have sustained the defendant's objection to parol evidence of the existence of the execution under which the marshal sold the land in controversy. The execution having been returned, it became thence forward a part of the record, and its production or a copy thereof certified to the court and jury, in some authorized and authentic form, was necessary to show its existence. This fact could not be shown by parol.—Woodward v. Harbin, 1 Ala. 104; Lawson v. Orear, 4 Ala. 156; Ansley v. Carlos, 9 Ala. 973; Brown v. Isbell, 11 Ala. 1009; Smith v. McGehee, 14 Ala. 404.

3. If the execution was lost after its return or before, (which is not pretended,) being an original paper in the cause, or a part of the record, it was competent to perfect the record by supplying or substituting the lost paper, and then procuring a properly exemplified copy of the record thus supplied. In any event the parol evidence was inadmissible.—Lyon v. Poling, et al. 14 Ala. 753; and authorities there cited, p. 759; Doswell et al. v. Stewart, 11 Ala. 629.

4. Even after the admission of illegal testimony, the court is bound to charge the jury to disregard it, if so required. The charge here asked was of such a character, and should not have been refused.—Carlisle v. Hunley, 15 Ala. 623; McCurry v. Hooper, 12 Ala. 823.

R. W. WALKER, contra.

PARSONS, J.—Drane, who was plaintiff below, claimed the land for which he brought this suit, as purchaser at a sale under execution. The Circuit Court allowed the execution to be proved by one of the witnesses of the plaintiffs below, although its loss or destruction was not proved, nor its absence accounted for, nor was any transcript of the record embracing the execution offered. This, we think, was erroneous.

Let the judgment be reversed, and the cause remanded.