## HANNA, ADM'R, *vs.* PRICE ET AL.

1. To authorize a summary judgment against the sureties of an administrator, the record must show the judgment against the administrator, the bond by which the sureties have become liable, the issue of an execution on the judgment against the administrator, and its return "no property found."

2. A memorandum in the hand-writing of the clerk, on the margin of the execution docket, is not evidence of the issue and return of an execution, unless its existence at one time and subsequent loss are first proved.

3. A decree of the Orphans' Court, rendered prior to the passage of the act of 1846, in favor of an administrator *de bonis non* against a preceding administrator, for moneys received in the course of administration and unaccounted for, is not merely voidable, but void.

ERROR to the Court of Probate of Benton.

THIS was a proceeding by *supersedeas* in the court below, at the instance of Williams, one of the defendants in error, by way of petition, praying that a certain execution in favor of the plaintiff in error, and against the defendants, might be superseded and quashed. The petition presents the following grounds as a predicate for its prayer : It sets out the execution then running, in which said execution it is recited that it is issued on a judgment or decree of the Orphans' Court of Benton County, rendered on the 17th day of January, 1845, at a special term of said Orphans' Court, for the sum of $620 24 in favor of the plaintiff in error, and against Wm. C. Price, *ex officio* administrator of the estate of James Riddle, deceased, and against the petitioner and one Haynes, as his sureties on his official bond as sheriff of Benton County. The petition denies the truth of the recitals of the execution, and alleges that there is no such judgment in existence as the one recited, but that the judgment was against Price alone, and not against him and his sureties.

It denies that any execution was ever regularly issued on said judgment against said Price, and returned "no property found" as to him, so as to authorize a statutory judgment and execution against his sureties on said judgment; states that, on the margin of said judgment or decree appear certain entries,

as follows : "*Fi. fa.* April 22, 1845, to W. J. Willis, sheriff." "*Fi. fa.* returned 'no property found,' April 25th, 1845." "*Alias fi. fa.* issued 28th April, 1845, to W. J. Willis, sheriff, against sureties." "*Pluries fi. fa.* issued Dec. 4, 1845, to W. J. Willis." "*Pluries* returned 'no property found,' Jan. 17, 1846." " *Alias pluries fi. fa.* issued 19th December, 1850, to C. Sublett, sheriff." But it denies that said entries are evidence of an actual issue and return of said executions, and that no other evidence of said issue and returns appear of record than as above stated ; alleges that, if executions were in fact issued on said judgment, they were irregularly issued, and void as to the sureties of said Price.

The petition further alleges, that the judgment rendered against Price, the principal, being in favor of the plaintiff in error as administrator *de bonis non*, and not in favor of the heirs or distributees of the estate, is void, as there was at the date of said judgment no law authorizing the court to render such a judgment in favor of said plaintiff in error, and therefore an execution issued on said judgment, as against the petitioner and said Haynes, sureties of said Price, is also wholly void.

The petition further alleges, that the claim sought to be enforced against the sureties by the execution is barred by the statute of limitations of six years, as more than that space of time has elapsed since the liability, if any, accrued by reason of the default of the said Price ; and further, that the plaintiff in error has made a final settlement of the estate, and been discharged from any and all liability on account of said judgment or decree against the said Price, and therefore he is not the proper party to enforce the liability against the sureties of said Price, if any such liability exists, but that the heirs or distributees of the estate of the said Riddle are ; and for these reasons he prays that the execution be superseded and quashed.

The plaintiff in error demurred generally to the petition, and also particularly to each portion of said petition setting out a separate and distinct ground for quashing the execution. These demurrers were overruled ; and on the trial a bill of exceptions was taken, from which, as well as from the agreement of counsel, the following facts appear :

On the 17th day of January, 1845, a judgment was rendered in favor of the plaintiff in error, as administrator *de bonis non*

of the estate of Riddle, and against said Price, as administrator *ex officio* as sheriff of Benton County, for the sum of $620 24. Then there was read in evidence the entries above recited, of the issue and returns of the several executions as above recited, proved to be in the hand-writing of the person who was clerk of the Orphans' Court of Benton County at the time the same purport to have been made. It was proved that the original execution was lost. There was also produced and read in evidence what purports to be a *pluries fi. fa.*, dated the 4th December, 1845, against all of the defendants, Price, Williams and Haynes, and reciting a judgment existing in said court against all of said defendants; and also the *alias pluries fi. fa.* which is the one sought to be superseded and quashed. The facts agreed upon between counsel are: That the defendants, Williams and Haynes, became the sureties of said Price, as sheriff of Benton County, on the 29th day of July, 1849; that said bond was duly approved, and is to be considered as in evidence; that said Price acted as sheriff under said bond, until the expiration of his term of office, which was the 4th of March 1842, when his connexion with the estate of Riddle, of which he had been *ex officio* administrator, ceased; Price had been sheriff of Benton County before the defendants, Williams and Haynes, became his sureties, and on the 26th day of December, 1839, he was, as said sheriff, appointed administrator with the will annexed of the said James Riddle, deceased, and had acted as such continuously from that date until the 4th of March, 1842, when he ceased to be sheriff of said county. The judgment against the said Price in favor of the plaintiff in error as administrator *de bonis non*, rendered the 17th January, 1845, was for moneys collected by the said Price as such administrator and not paid over or accounted for in any manner whatever.

The court below quashed the execution on the above evidence, and the plaintiff in error here assigns for error the ruling of the court in rendering said judgment, and also the overruling of the several demurrers to the petition for the *supersedeas*.

A. J. Walker, for plaintiff in error:

The petition does not set forth any facts showing the illegality of the execution. The mere fact that there was no judg-

ment of record against the sureties, is insufficient to authorize a *supersedeas*, because there may be an execution against the principal and his sureties, in the absence of a judgment of record corresponding as to parties with the execution. The officer issuing the *fi. fa.* must be presumed to have acted legally: it must be presumed that he had the authority prescribed by the statute for the issue of the process. The *onus* is on the petitioner, to show that the clerk had not authority for his act. Hence, the averment that there was no judgment of record, is not enough: it does not negative the existence of the facts which constitute the statutory judgment, and which must be presumed to exist. The law does not require a recital in the execution of the facts which authorize its issue —Clay's Dig. 305 § 25 ; 16 Ala. 368 ; 3 *ib.* 285 ; 12 *ib.* 561.

The averments that no legal execution had issued within a year and a day, and that petitioner was satisfied the executions were not legally returnable, must be disregarded, because they are conclusions, not facts. The petition does not state that the execution against Price, the principal, was returnable into the Orphans' Court : the statement is, that it was the custom of the clerk, in similar cases, to issue executions returnable into the Orphans' Court.

The absence of liability cannot be inferred, in favor of Williams and Haynes, because they became the sureties of Price two years after his appointment as administrator. Notwithstanding that fact, his default may have taken place after they became his sureties, and in that event they would be liable.

The judgment against Price was voidable, not void. It might have been reversed on error, because not rendered in favor of the person designated by law ; but the court had jurisdiction of the parties and subject matter, and hence its judgment is simply voidable. The statute authorizing executions against the sureties of administrators, does not prescribe the plaintiff: the only pre-requisites are, a decree on final settlement and a return of *nulla bona* against the principal.—6 Porter 219; 19 Ala. 228 ; 11 *ib.* 579 ; Clay's Digest 305 § 45.

The bar of the statute of limitations of six years is not shown by the averment and proof that Price's office expired six years before the issue of the particular execution sought to be superseded, as previous executions had issued. The plea of the

statute cannot be sustained by proof of the expiration of six years before the issue of the *pluries*. It might be otherwise, if six years had elapsed before the return of *nulla bona* on the execution against him. The return of *nulla bona* on the execution against the principal, perfected a judgment against the sureties; and they must show that the bar was complete at the date of the return of *nulla bona*, because on that day there was a judgment against them.—Thompson v. Bondurant, 15 Ala. 351 ; Clay's Digest 304.

The statute of limitations of six years does not apply in behalf of a sheriff's sureties, as to his defaults as administrator. When the sheriff is appointed administrator, his official bond becomes an administration bond, it is not the bond of a "public officer," for this purpose. Otherwise, the security provided for those interested in estates administered by the sheriff, is less than the security provided in other cases. The statute says, that judgment may be rendered on his bond "in the same manner as on other bonds of administrators."—Digest 222 § 10, 329 § 91.

John T. Morgan, *contra* :

The order appointing Price administrator does not show that he was sheriff of Benton County.

There is no evidence in the record that his term of office had expired before Hanna was appointed, or that he had been removed. This is fatal to the jurisdiction of the court : it could not appoint Hanna, until Price was removed, or his letters in some way revoked.

The court had no jurisdiction to render a judgment, and award an execution, in favor of an administrator *de bonis non*, in January, 1845, and the act of 1846 has no effect to cure the proceeding.—Price v. Simmons, 13 Ala. 750 ; Willis v. Willis, 9 Ala. 722. The money collected by Hanna would not be assets in his hands, especially as he had made final settlement before the *fi. fa.* issued.

The sureties of Price can make the question of jurisdiction. The motion, as to them, does not come up collaterally, but directly. This is the first opportunity they have had to contest their liability, and the proceeding is in the nature of a suit as against them. This being a summary, statutory proceeding,

Hanna, adm'r, v. Price et al.

every fact necessary to support the jurisdiction of the court must exist at the time they are sought to be charged: no intendments can be made to support it. If it be said that the judgment was conclusive as to Price, it must be because of his mispleading or failure to plead ; and while he might stand charged individually by the judgment, he could not be charged as an administrator. Neither would the rights of distributees or legatees be affected by a payment of this judgment to Hanna ; they might proceed again.—Poacher v. Weisinger, 20 Ala. 102 ; Crenshaw v. Hardy, 3 Ala. 653.

There can be no judgment without a record to support it. The only evidence to support a statutory judgment against the sureties of an administrator is, the judgment against the administrator, the issue of an execution thereon, and its return " no property found." If the *fi. fa.* was issued and lost, that fact should appear, and its contents be proven. The mere entry on the minutes, in the absence of other proof, was insufficient to support such a judgment.—Jenkinson v. Gray, 16 Ala. Rep. 104.

The execution should have been superseded, because it does not appear that any execution was issued within a year and a day after the return of " no property found" against the principal. The entry on the minutes " *alias fi. fa.* against sureties, April 28, 1845," is no proof that execution issued against them.

The appointment of a sheriff as administrator attaches to the office, and not to the person. When his office as sheriff expires, he can do no act to render his official sureties liable : his letters are revoked by operation of law. The subsequent act in relation to the statute of limitations on sheriffs' bonds, includes every character of liability against them.—Governor v. Stonum, 11 Ala. 681. And the statute begins to run, when the liability of the surety is conclusively ascertained. In this case, the default of the sheriff must have been committed while he was in office, prior to the 4th March, 1842, and the *alias pluries fi. fa.* was issued in 1850, and was the first process of any validity on its face which has been issued on the judgment.

GIBBONS, J.—The first question presented on the present record is, whether it affords sufficient evidence to authorize the

issue of an execution against the sureties of Price, on the judgment rendered against him in the Orphans' Court of Benton County on the 17th of January, 1845, in favor of the plaintiff in error, as administrator *de bonis non* of the estate of the said James Riddle, deceased.

The evidence disclosed by the record is, the judgment against Price, the bond of Price as sheriff, on which the defendants Williams and Haynes are sureties, the *pluries fi. fa.* issued the 4th December, 1845, against all of the defendants, reciting the existence of a judgment against all of the said parties in the Orphans' Court of Benton County ; and the *alias pluries fi. fa.* issued the 19th of December, 1850, being the one sought to be superseded and quashed.   There is the additional evidence of the memoranda made upon the margin of the minutes in the hand-writing of the person who was clerk of the court at the time the same purport to have been made, as follows : " *Fi. fa.* issued April 22, 1845, to Wm. J. Willis, sheriff." " *Fi. fa.* returned " no property found," April 25, 1845," " *Alias fi. fa.* April 28, 1845, to Wm. J. Willis, sheriff, against securities." " *Pluries fi. fa.* December 4th, 1845, Wm. J. Willis, sheriff." " *Pluries fi. fa.* returned " no property found," January 7, 1846." " *Alias pluries fi. fa.* issued 19th December, 1850, to C. Sublett.   Returned enjoined the 19th February, 1851.   C. Sublett, sheriff."

The above constitutes all of the evidence in support of the regularity of the execution, and on which the court below acted in quashing the same.

The act of 1832 (Clay's Dig. 305 § 45) says :   " Whenever any execution shall have issued on any decree made by the Orphans' Court, and final settlement of the accounts of executors, administrators or guardians, and is returned by the sheriff no property found generally, or as to a part thereof, execution may and shall forthwith issue against the securities of such executors, administrators or guardians."

In order to sustain an execution against the sureties of an administrator, on a judgment or decree against such administrator, the record must show : 1st, the judgment ; 2nd, the bond by which the sureties have become liable ; and, 3rd, the issue of an execution on said judgment against the principal, and return thereof by the sheriff " no property found,"

Thompson v. Bondurant & King, 15 Ala. 346. All these facts must concur, in order to sustain the summary statutory proceeding against the sureties. In the case before us, we regard the evidence of the issue of the execution against Price, and the return of no property found thereon by the sheriff, as entirely too defective. On the proof made upon this point, as disclosed by the bill of exceptions, the court was, in our opinion, warranted in regarding the same as offered insufficient to establish the fact that an execution had in fact been issued on said judgment against the said Price, and returned no property, as indicated by the memorandum of the clerk.

Waiving for the present the question as to the regularity of the execution, as to the time when it was made returnable, our conclusion is, that the evidence was insufficient to establish the fact that an execution ever issued on said judgment against said Price alone.

Where written documents are attempted to be proved, which are alleged to be lost, the commencement of the proof is to show that such documents actually existed by testimony directly to the point ; and then, their loss being proved, it is competent to prove their contents. But in the present case, the mere memorandum of the clerk upon the margin of his docket or his minutes we cannot regard as legal evidence of any fact, until it is snown that such entries are the best evidence the nature of the case admits of. This is not shown in the present case, and we must regard the record as containing no proof that any execution ever issued on the judgment against the said Price alone, or that the same was returned as to him no property found.— It follows, as a necessary consequence, that the execution was correctly quashed as to the sureties, Williams and Haynes.

The next question presented is, whether it was correctly quashed as to Price. The judgment which is sought to be enforced against the parties defendants, by the execution in question, is one rendered on the 17th January, 1845, against the said Price, as former administrator of the estate of James Riddle, deceased, and in favor of the plaintiff in error, as administrator *de bonis non* of said estate. The judgment itself shows that it was for a balance of money in the hands of Price received in the course of his administration and unaccounted for. The question now arises, whether the court, at that date, had

any power to render such a judgment. That such a judgment was erroneous, has several times been directly decided by this court.—Price v. Simmons, 13 Ala. 750; Willis v. Willis, 9 Ala. 722. These decisions go upon the idea, that the Orphans' Court, being one of limited jurisdiction, can only proceed to render judgment in such cases as the statutes specially authorize; and it would seem to follow, that whenever it exceeded its powers, its judgment would be not merely voidable, but void. Prior to the passage of the act of 1846, the Orphans' Court had no power to order money in the hands of one administrator either resigned or removed, said money being realized from the assets of the estate, to be paid over to the succeeding administrator; nor could it render any judgment in favor of such succeeding administrator against the preceding one, that would be valid so as to bar a recovery from the same party by the heirs, legatees or distributees of the estate, who were entitled to receive from the preceding administrator an account of his administration, and the balance, whatever it might be, in his hands; and such judgment, so rendered in favor of the administrator *de bonis non*, was erroneous, from the fact that the Orphans' Court had no jurisdiction to render it, and was consequently not merely voidable, but void. This view of the case is conclusive, to show that the execution was a nullity as to all of the parties, and was correctly quashed as to all. The decision of the two questions, thus presented upon the ruling of the court below in quashing the execution, necessarily disposes of the questions raised upon the demurrers to the petition for the *supersedeas*, as those questions are indentical with those decided. It follows that the demurrers were correctly overruled. As the questions already decided dispose of the entire case, we do not deem it important to consider the other question raised by the petition and relied upon in the argument.

The judgment of the court below is therefore affirmed.

CHILTON, C. J., not sitting.