## CLEMENS *vs.* WILSON.

[APPLICATION FOR MANDAMUS FROM CIRCUIT TO PROBATE COURT IN MATTER OF GRANT OF ADMINISTRATION.]

1. *Grant of administration de bonis non.*—An order of the probate court, which purports to be granted on an application "for letters of special administration"; recites that "there has been a vacancy in the office of administration of said estate for more than forty days," and that no person entitled to administration has applied; and thereupon orders that the said petitioners "be, and are hereby, appointed administrators of said estate, and that proper letters of administration issue to them, authorizing them to collect and preserve the property thereof,"—must be construed, when collaterally assailed in a subsequent application for the grant of administration *de bonis non*, as a grant of letters of administration *de bonis non*, since that is the only kind of grant authorized by the facts stated in the order; and if it further appears that the decedent's will is of record in said probate court, they must administer the estate according to its provisions.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. WM. J. HARALSON.

On the 12th March, 1866, James L. Clemens filed his petition in said court, praying a *mandamus*, or rule *nisi* for a *mandamus*, against Robert D. Wilson, the probate judge of said county, requiring him to grant letters of administration on the estate of James Clemens, deceased, to F. P. Ward and W. W. Garth, or to some other suitable person. The petition alleged that, on the 27th December, 1865, the petitioner filed his written petition in said probate court, asking to have the administration of said estate committed to said Ward and Garth; that on the 9th February, 1866, said application being still pending, "he asked the court to hear and pass upon said petition, and thereupon proved, to the satisfaction of the court, the death of said Clemens, and that he was a resident of said county at the time of his death,—the probate of his will in said court; the renunciation of the executors therein named; the grant of letters of administration (with said will annexed) of the estate of said decedent to Benjamin Patterson; the death of said Patterson, in 1863, without having made a final settlement of said estate; that there are debts of said estate unpaid, and assets unadministered, and a continued vacancy in the general administration of said estate, from the death of said Patterson to the present time; that said petitioner was an interested party in said estate, being an heir-at-law and a legatee under the will of said testator, and the only adult legatee under said will residing in the State of Alabama; that efforts had been made, during the year 1865, to get said estate committed to administration, by unsuccessful applications to other persons to accept the administration; that he now had the consent of said Ward and Garth to accept it; and therefore prayed the court to grant them letters of administration *de bonis non*, with the will annexed, on the estate of said James Clemens, deceased." The petition to the circuit court further alleged, that said Ward and Garth "were suitable persons, and tendered a sufficient bond"; and that the probate court declined to issue letters of general administration on said estate as prayed, "on the ground that on the 15th January, 1866, Thomas O. Burton, as the administrator of James C. Brandon, one of the heirs-at-law of said testator and

Clemens v. Wilson.

legatee under his will, *et al.*, had filed their petition in said court, praying the revocation of the probate of said will, and the admission to probate of another will of later date, the hearing of which was set for the second Monday in March, 1866; and special administration on the estate of said testator having been granted to L. P. Walker and R. C. Brickell on the 28th October, 1865, there was, in its judgment, no necessity for general administration until the application of said Burton and others was finally disposed of."

The probate judge filed an answer to the rule *nisi*, to which he appended a transcript from the records of his court, containing—1st, the proceedings which resulted in the probate of the decedent's will; 2d, the grant of letters of administration on his estate, with the will annexed, to Benjamin Patterson; 3d, the grant of letters of administration to Walker and Brickell; 4th, the application of Burton and others for the revocation of the probate of the will, and the admission to probate of a will of later date; 5th, the application of said Ward and Garth for the grant of administration to themselves, and the proceedings thereon had, which resulted in the refusal of said application. He further stated in his answer, that he overruled and refused the application of said Ward and Garth, "because, while said petition of Burton and others was pending and undetermined, respondent did not deem it proper to grant general administration, because such an administration would have required the execution of a will, the validity of which was contested"; while the order itself, as set out in the accompanying transcript, states that the court, "on the hearing, declined to grant administration on said estate for the present, and until there shall be a final determination as to the validity of the several wills contested before the court."

The order of the court granting letters of administration to Patterson, and the order granting letters to Walker and Brickell, as set out in said transcript, are in the following words:

"Comes Benjamin Patterson, in his own proper person, and makes an oral application to qualify and give bond as

the administrator with the will annexed of the estate of
James Clemens, late of said county, deceased; whereupon
it is ordered by the court, that the said application be
granted, and that he give bond and satisfactory security,
conditioned as required by law, in the penal sum of three
hundred thousand dollars. And the said Benjamin Pat-
terson, together with Robert C. Brickell, Egbert J. Jones,
John W. Scruggs, Thomas McCrary, Thomas McCalley,
Benjamin Jolley, and Geo. W. Drake, his sureties, who are
by the court approved, having entered into bond as afore-
said, and taken the oath prescribed by law, it is ordered by
the court, that letters of administration with the will
annexed on the estate of the said James Clemens, deceased,
be issued to the said Benjamin Patterson accordingly."

" Come Leroy P. Walker and R. C. Brickell, and apply
for letters of special administration; and it being shown
to the court that there has been a vacancy in the office of
administration of said estate for more than forty days, and
no person entitled to administration having applied, and
said applicants having taken the oath prescribed by law,
and given bond in the sum of one hundred thousand dollars,
with Joseph C. Bradley and Geo. W. Neal as sureties, which
bond has been taken and approved by the judge of this
court,—it is ordered that said Leroy P. Walker and Robt.
C. Brickell be, and are hereby, appointed administrators of
said estate of James Clemens, deceased, and that proper
letters of administration issue to them, authorizing them
to collect and preserve the property thereof."

The petition of Ward and Garth, as set out in the said
transcript, alleged that Benjamin Patterson, the adminis-
trator, died in 1863, "since which time no letters of adminis-
tration have been granted to any one, and said estate is
now unrepresented, except by special administrators, L. P.
Walker and R. C. Brickell, heretofore, to-wit, on the 28th
October, 1865, appointed by this court"; and the following
amendment to the petition is also copied in the record,
though nowhere shown to have been allowed: "And no
application is pending, or has been made, in this court, in
behalf of any one claiming a right to administer upon said

estate, for a grant of letters of administration *de bonis non,* with said will annexed."

The circuit judge, on the hearing, refused to grant a *mandamus,* and dismissed the petition; and his decision is now assigned as error.

Geo. W. Stone, and J. W. Shepherd, for appellant.
Walker & Brickell, *contra.*

BYRD, J.—In the case of *Clemens v. Walker & Brickell,* decided at the present term, we refer to the difficulty of construing orders made by some of the courts of probate. This difficulty occurs often, and occurs in this case. The order appointing Walker & Brickell administrators of the estate of James Clemens, deceased, is set out in this record, but was not in the other. It is apparent that they applied "for letters of special administration"; but the character or kind of administration is not shown. An administration *de bonis non,* as is shown in the case of *Clemens v. Walker & Brickell,* is a special administration. Upon the application the court made the following order : "It is ordered that said Leroy P. Walker and Robert C. Brickell be, and are hereby, appointed administrators of said estate of James Clemens, deceased, and that letters of administration issue to them, authorizing them to collect and preserve the property thereof." The grounds for making the grant stated in the order are, 1st, "that there has been a vacancy in the office of administration of said estate, for more than forty days"; and, 2d, "no person entitled to administration having applied." Conceding that these two grounds author-ized the court to appoint a special administrator, they certainly did not authorize it to appoint any but an administrator *de bonis non.*

The court, by its order, "appointed Walker & Brickell administrators of said estate of James Clemens, deceased" ; and this appointment constituted them administrators *de bonis non* of said estate, under the authority of the case of *Moseley's Adm'r v. Mastin,* 37 Ala. 216, and authorities there cited.—*Broughton v. Bradley,* 34 Ala. 694.

It is the order of the court which confers the office of

administrator, and not the letters which are issued.—*Hosea v. Brasher*, 8 Porter, 559; 5 Ala. 264. The clause of the order, which directs "that letters of administration issue to them, authorizing them to collect and preserve the property thereof," is merely directory as to the contents of the letters, and confers no power; but to restrict that previously granted, is the greatest effect that can be given to it. It is consistent with the duty of an administrator *de bonis non* "to collect and preserve property of an estate," until he is authorized by the court to distribute it among the legatees or distributees, or sell it to pay debts, or for distribution. This is the only consistent · construction we can give the order. It does not confer a *limited* administration *in time*, as all other special ones do, except an administration *de bonis non*. It has none of the *indicia* of such a limited administration, except that the court, in ordering letters to issue, directs that he be authorized to collect and preserve the property of the estate; and this is reconcilable with the grant of an administration *de bonis non*. *All* the other *indicia*, upon the face of the order, show it to have been such a grant: 1st, there is no ground set out in the order that would authorize any other than an administration *de bonis non;* 2d, such an administration is a *special one;* 3d, it is the only one and the proper one which ought to have been granted, upon the recitals of the order; 4th, the operative words confer a general, and not a special administration; but the case of *Moseley's Adm'r v. Mastin, supra*, shows how such an order is to be construed; and the only thing in opposition to this view, is the direction given as to the contents of the letters of administration, which is shown to be reconcilable with the grant conferred by the operative words of the order.

We therefore hold, that the order, upon its face, conferred upon Walker & Brickell the office of administrators *de bonis non* of the estate; and the will being on record in the court from which they procured their authority, does not render the grant void, *(Broughton v. Bradley*, 34 Ala. 694,) and they must administer the estate subject to the provisions of the will, so long as its probate is operative and valid, unless the administrator in chief had fully executed

the duties and trusts contained in it. There is, then, no necessity for the writ of *mandamus* to the judge of probate, and it must be refused.

The judgment is affirmed.

NOTE BY REPORTER.—On application by the appellant's counsel for a re-hearing, the following opinion was afterwards delivered : '

BYRD, J.—We have carefully considered the able argument of the counsel for appellant, submitted in reply to the opinion of the court heretofore delivered in this cause ; and while we admit its force, we adhere to the reasoning and conclusion of that opinion, and re-affirm the decision of the judge of the circuit court of the 5th judicial circuit.

Affirmed at the costs of the appellant.