MANNING, J. —
This was a motion in tbe court below, to set aside and vacate a sheriff’s sale of valuable real estate in tbe city of Montgomery, to appellee, Boykin, as tbe property of Fabel. Two reasons why tbe motion should be granted are insisted on. Tbe first is, that of tbe two defendants against whom Boykin obtained tbe judgment, for tbe satisfaction of which this realty was sold, one of them, Price, was dead before tbe judgment was rendered. This would make tbe judgment void against him, but not against Fabel. If a motion bad been made to vacate it, as against Price, this would have been so done as to leave it in force against Fabel from tbe time of its rendition. — Hood v. Mobile Br. Bank, 9 Ala. 335. Such a motion not having been made, execution was properly issued, in conformity with tbe judgment, against both, though, as was legally proper, it was enforced only against tbe property of Fabel. — Thompson v. Bondurant & King, 15 Ala. 346; Martin v. Branch Bank at Decatur, 15 Ala. 587.
2. Tbe other ground relied on is, that tbe property sold was worth very much more than tbe price it brought, which was only $135, while tbe value exceeded $7,000. Ordinarily, this would be a good reason for granting the motion. But this case is distinguishable from all of those cited for defendant, in this particular, that tbe smallness of tbe price dwelt upon was a consequence of tbe acts of Fabel himself, and of persons connected with him, and not of any fault in tbe conduct of Boykin, or bis attorney, or of the sheriff. Tbe judgment was for only $216 and costs. Before it was rendered, defendant Fabel bad executed deeds of tbe property, which were spread upon tbe records, to others, for sums, according to tbe recitals therein, amounting to $7,500. A first writ of execution bad been returned “ no property found.” Tbe alias writ, under which tbe sale was made, was issued more than a year after tbe judgment was rendered; during which time no payment was made. Tbe sale was advertised *386 in tbe newspapers, and. made in one of tbe most public places in tbe city of Montgomery; and some one, when tbe property was offered — not Eabel, wbo was not present — forbid tbe sale. Tbe two years .witbin wbicb, according to the statute, a redemption of tbe land was allowable, were suffered to elapse, without any offer to redeem; and this motion to set aside tbe sale was instituted four years after tbe sale was made, without any security offered, or evidence adduced to create assurance, or induce tbe belief, that a larger sum would be obtained by a re-sale of tbe property; if, indeed, it shall not have been so disposed of further, in the meantime, as to preclude Boykin, wbo is plaintiff in tbe judgment, as well as purchaser of tbe property, from realizing anything therefrom. Who was in possession when it was sold, is not shown by tbe evidence.
The motion is urged upon tbe idea, that Boykin would obtain by tbe purchase tbe entire real estate in question, at a grossly inadequate price. But this argument ignores tbe deeds wbicb Eabel has made, or assumes that they are void; an assumption which tbe record does not show to be well founded. We do not feel at liberty to suppose, what counsel for tbe motion do not admit, that tbe deeds were fraudulently made. Motions of this sort are of an equitable nature, and must be disposed of upon equitable principles. We do not think it would be consistent with these to set aside tbe sheriff’s sale in tbe present cause. — McCaskell v. Lee, 39 Ala. 131.
3. We recognize tbe authority of tbe cases cited, in respect to purchases made by an attorney of a plaintiff' in execution, of property sold to satisfy it, whereby be obtains an unconscientious advantage; but they have no application to the case made by this record. There is no impropriety, according to our practice, in an attorney representing bis client at a sheriff’s sale of property to pay an execution in bis favor, and in merely purchasing tbe property for bis client.
4. Tbe offer of Eabel to prove that, “ not long after tbe sheriff s sale, Boykin told him that tbe attorney had bid off said real estate without authority, and that be (Boykin) did not set up or assert any claim to said real estate,” might have been proper, to show an excuse for Eabel’s delay in making this motion; but it would have shown, also, that Eabel knew of tbe sale, and wbo was tbe purchaser. And it must be presumed that be knew further, that tbe purchaser of real estate, bolding a sheriff’s deed of it, did not retransfer tbe title, because, at a particular time, be “ did not set up or assert any claim” to it. The evidence, if given in, would not have *387 entitled tbe mover to a different judgment upon bis motion. ' ■ ■
Let tbe order of tbe Circuit Court be affirmed.
Stone, J. not sitting, having been of counsel.