# Ayers v. Roper.

*Statutory Action of Ejectment.*

1. *Title to sustain ejectment; when claimed under sheriff's deed, judgment. execution and levy must be proved.*—When the plaintiff in an action of ejectment, claims title as the vendee of a purchaser at a sheriff's sale, the recitals in the sheriff's deed of the execution, levy and sale thereunder do not make out a case; but to sustain his action it is necessary for the plaintiff to make independent proof of the judgment upon which the execution was issued, and of the execution and levy thereof upon the lands sued for.

2. *Proof of execution; how proved*—Upon the return of an execution to the court whence it issued, it becomes a record, and can not be proven by entries from the execution docket of the court, but proof of it is made by the production of the original or a duly certified copy thereof.

3. *Appeal; assumption when bill of exceptions purports to set out all the evidence.*—On appeal, absolute verity is imputed to the record and by its contents the court is controlled; and when a bill of exceptions purports to set out all the evidence, it can not be assumed by the court that any other evidence was offered or received in the trial of the cause than that shown by the bill of exceptions.

4. *Judgment; when proof sufficient.*—A valid judgment is established by the introduction in evidence of the original minute book of

[Ayers v. Roper.] ·

the court wherein the judgment was rendered, fully identified by the clerk, and the judgment entry therein contained is in regular form and declares that on a trial before the court on a designated day of a regular term of said court, the parties appearing by counsel, a recovery of a sum stated was had by the plaintiff in that suit against the named defendant; and the absence from such entry or the minute book of a convening order or of a statement of when or by what judge the court was held, does not invalidate the judgment.

5. *Levy and sale; sale under execution before determination of homestead claim not void; ejectment.*—Where upon the levy of an execution upon land a claim of homestead exemption is interposed, and without awaiting the determination of the claim, or without the claim being successfully contested by the plaintiff in execution, the land is sold under the levy, such sale is not absolutely void, but will pass the title to the land to the purchaser, upon which he could maintain ejectment, but subject to be set aside for irregularity on proper application.

APPEAL from the City Court of Birmingham.
Tried before the Hon. W. W. WILKERSON.
This was a statutory action of ejectment, brought by the appellees, Thomas E. and Hattie Roper, against Leonard Ayers and others.

The plaintiffs claim title by virtue of a sheriff's deed, conveying the property to L. L. Dean, their grantor, at a sale under an execution issued upon a judgment which one Kilpatrick had recovered against Benjamin Brownlee. The defendants claim title as tenants of Benjamin Brownlee, the execution debtor. The facts of the case are sufficiently stated in the opinion.

The cause being tried by the court without the intervention of a jury, the court rendered judgment in favor of the plaintiffs. From this judgment the defendants appeal, and assign the same as error.

C. B. POWELL and J. G. CREWS, for appellants.—The minute entry of the judgment which was introduced in evidence was void on its face, because there was no caption or convening order in the book containing the minute entry. In order that a judgment should be recognized as valid, it is necessary that it should have been rendered by a lawful and duly constituted court; otherwise it is not the sentence of the law, and is not entitled to carry its sanction.—Black on Judgments, § 173. A paper purporting to be a judgment, but not stating by

what court rendered, nor when, nor for what cause of action, is a nullity.—Black on Judgments, §§ 1, 3, 171, 179, 246 ; *Berrington v. Buck*, 18 Ind. 414.

GREEN & MONTGOMERY, *contra.*—There was no error in admitting the record of the circuit court. It contained all the essentials of a judgment ; the record was sufficiently proven by the deputy clerk of the court and the omission of the convening order, if error at all, is an irregularity that can not be taken advantage of in this action.—1 Black on Judgments, §§ 270, 271 ; 1 Freeman on Judgments, § 132, note 1 ; *Horner v. State Bank*, 48 Amer. Dec. 355, note ; *Weaver v. Brown*, 87 Ala. 533 ; *Littleton v. Smith*, 119 Ind. 230 ; *Gibson v. Lyons*, 115 U. S. 439 ; *Wilson v. Wilson*, 18 Ala. 176 ; 12 Amer. & Eng. Encyc. of Law, 147 and note.

The judgment is the foundation of the plaintiff's right of action, and the sheriff's deed is in proper form and is presumptive that all things were done in due and proper form. The execution is not essential to his right to recover.—*Cauly v. Blue*, 62 Ala. 77. It can not be taken advantage of in this collateral proceeding. *Clark v. Spencer*, 75 Ala. 49.

HEAD, J.—The plaintiffs, who bring statutory ejectment against the tenants of Benjamin Browlee, claim title as the vendee of a purchaser at a sheriff's sale, under an alleged judgment and execution against their landlord. The city court, upon a trial without a jury, rendered judgment against the defendants, and from that judgment the appeal is taken.

The sheriff's deed recites an execution, a levy, and a sale thereunder in February, 1891, but these recitals did not make out a case for the plaintiffs. It was necessary to make independent proof of a judgment, execution and levy—3 Brick. Dig. 453, § 70. The plaintiffs offered in evidence entries from the execution docket of the circuit court, to which defendants objected on the ground that the execution itself was better evidence. This objection ought to have been sustained. When an execution is returned by the sheriff into the court whence it issued, it becomes a record, and proof thereof is to be regularly made by producing the original or a duly cer-

tified copy.—*Woodard v. Harbin*, 1 Ala. 104; *Smelser v. Drane*, 19 Ala. 245; *Hanna v. Price*, 23 Ala. 826; *McDade v.Mead*, 18 Ala. 214. Secondary evidence of the contents of a record will not be received, until its former existence and loss or destruction be satisfactorily established.—*Baucum v. George*, 65 Ala. 259; *Stewart v Cannon*, 9 Ala. 803; *Lyon v. Balling*, 14 Ala. 214.

2. The bill of exceptions purports to contain all the evidence; yet there is an entire omission to show an execution in the hands of the sheriff, such as the deed recites, or, indeed any execution to support the sale. The execution docket, which was received in evidence, contained the statement that an earlier writ was issued, and the original of that execution was produced by the defendants; but it was not claimed that the sale was made under its authority. It is doubtless true, as counsel for apellee state in their brief, that the execution docket also showed that a later execution, under which it is said the sale was made, had issued, and that the omission from the bill of exceptions of that entry was due to inadvertence or mistake. If that entry appeared in the bill of exceptions,it would not alter the case,since it would have to be here excluded or disregarded as merely secondary evidence, under the rule of law already noted. But we cannot assume that any evidence, primary or secondary, was offered or received to establish the existence of the execution, in the face of the statement that all of the evidence is preserved by the bill of exceptions. Absolute verity must be here imputed to the record, and by its contents alone must we be controlled.

3. There is no merit in the contention that no valid judgment against Brownlee, which would support an execution, was established. The original minute book of the circuit court of Jefferson county, wherein the judgment was rendered, fully identified by the deputy clerk, was produced, and the judgment entry,in regular form, disclosed that on a trial before the court, on a day named, the parties appearing by counsel, a recovery of a sum stated was had by the plaintiff in that suit, one Kilpatrick, against the said Brownlee. The entry shows the trial was had on a day which we know judicially was one of the days of a regular term of the circuit court. The absence of a convening order or statement of where or by what judge the court was held, did not invalidate

[Ayers v. Roper.]

the minute book, so fully identified as a memorial of the
court's action.   In the absence of evidence that the court
was held at an improper place, or presided, over by an
unauthorized person, it will be presumed there was reg-
ularity in these particulars, if inquiry can be made in
this collateral proceeding.—*Clements v. Pearce*, 63 Ala.
284; *Baldridge v. Penland*, 68 Texas 441; Black on Jud-
ments, § 271.

4. The defendants introduced the first execution issued
1890, together with a claim of exemption filed with the
probate judge and lodged with the sheriff, and an affida-
vit of contest of claim, all duly returned to the circuit
court.   They did not prove whether the contest had or
had not been adjudicated, and their contention here is
that, until the plaintiffs proved a determination of the
contest, and an adjudication thereof adverse to the claim-
ant, Brownlee, a sale by the sheriff under a later writ
would be void.   If resort to presumption were necessary
to decide this question, it would rather be presumed
that the exemption had been disposed of, and the claim
adjudged invalid, than that the sheriff had levied on and
sold the property, in the face of a claim of exemption fil-
ed with the probate judge, which had not been success-
fully contested; particularly when it appears, as it does,
that a term of the court had intervened at which the con-
test could have been tried.   If, however, we assume
that the claim of homestead exemption had not been
successfully contested, it would not follow that a levy
and sale, under a regular execution, would be void. The
proceeding would be simply irregular, justifying a set-
ting aside of the sale, on proper application to the court,
under whose process it was made.   The levy and sale
would pass the title to the land to the purchaser, upon
which he could maintain ejectment.—*Clark v. Spencer*, 75
Ala. 49.

For the absence of proof of an execution to support
the sale, the judgment of the city court for the plaintiffs,
an exception having been reserved to such judgment,
must be reversed.   We will not render a final judgment
here on this record, but in the exercise of the discretion
with which we are clothed by the act regulating appeals
from the city court of Birmingham in non-jury cases, we
will remand the cause for another trial.

Reversed and remanded.